## Frederick Pennypacker *v.* John Dear, Appellant.

*Appeals for delay—Penalties—Act of May 25, 1874.*[1]

The penalties provided by the act of May 25, 1874, P. L. 227, for taking an appeal to the Supreme Court for the purpose of delay, will be imposed where it appears that, after verdict and judgment, defendant offered to settle for an amount less than the judgment, and threatened to appeal if his offer was not accepted; that, after his offer was declined, he took the record of the case out of the common pleas, but never filed it in the Supreme Court, that he never printed any paper-book and made no apparent effort to prepare the case for argument.

Argued Jan. 26, 1895.    Rule for penalties under act of May 25, 1874, in appeal and certiorari, No. 176, July T., 1894, from C. P. No. 4, Phila. Co.    Before STERRETT, C. J., WILLIAMS, McCOLLUM, MITCHELL and FELL, JJ.

Plaintiff in his petition for the rule averred that he recovered a verdict and judgment for $96.03; that after judgment was entered, defendant offered him $55.00 in settlement of the case, declaring that, if the same was not accepted, he would appeal the case; that plaintiff declined the offer, whereupon defendant took an appeal to the Supreme Court, the record being certified on August 14, 1894, defendant making affidavit that his appeal was not for delay. Plaintiff further averred "that, notwithstanding defendant's affidavit, said cause was appealed to this court solely and entirely for the purpose of delaying plaintiff in recovering the amount justly due him. In support of

said allegation plaintiff is informed by his counsel, and believes and so avers that the record of said suit, although taken out of the court of common pleas by defendant, has never been filed of record in the Supreme Court. Defendant is therefore unable to set out the exceptions taken or the reasons assigned by defendant for his appeal. That plaintiff is also informed by his counsel, believes and avers, that defendant has never printed any paper-book or made any effort to prepare the case for argument before your honorable court. That plaintiff's counsel was present on the first day of the present term of court when the list was called and that notwithstanding the fact that defendant's attorney had not served any paper-book on plaintiff's counsel, defendant's attorney answered argument on the call of the case. That since then and up to the time of the entry of the non pros., Jan. 23, 1895, no paper-book has been served on plaintiff's counsel, nor has defendant's attorney manifested any intention to argue the case when called. Plaintiff avers that this delay has worked great hardship upon him, has caused his counsel to attend the several sittings of your honorable court, and in other ways has greatly embarrassed deponent."

Defendant filed an answer denying that the appeal was taken for delay, but admitting the proposition as to settlement, and that the record had been taken out of the common pleas, but averring that he had not been able to prepare and file the record and paper-book " by reason of severe illness of himself and family."

*Frank A. Hartraft,* for rule.

*H. B. & H. W. Amerling,* contra.

PER CURIAM, Jan. 28, 1895:

The act of May 25th, 1874, Purdon, 793, pl. 33, provides that "In all cases in which a writ of error or an appeal from a decree in equity shall delay the proceedings on the judgment of the inferior court, and in the opinion of the Supreme Court the same shall have been sued out merely for delay, damages at the rate of six per cent per annum shall be awarded upon the amount of said judgment or decree by the Supreme Court

and an attorney fee of twenty dollars and the cost of printing the paper-book of the defendant in error or appellee, shall be taxed and collected as part of the costs of suit."

Proceedings on the judgment of the court below were undoubtedly delayed by the defendant's appeal to this Court; and we are clearly of opinion that said appeal was taken " merely for delay." No other inference can be fairly drawn from the facts before us. The plaintiff is therefore clearly entitled to the damages etc. specified in the act.

Rule absolute, and damages at the rate of six per centum per annum on the amount of the judgment are hereby awarded in favor of the plaintiff, and against the defendant, together with a docket fee of twenty dollars and costs of printing appellee's paper-book, if any, to be taxed and collected as part of the costs.