## John H. Martin *v.* W. D. Rider and E. Y. Breck, Appellants.

*Appeals—Penalty for delay—Practice, S. C.—Act of May 25, 1874.*

The penalty provided by the Act of May 25, 1874, P. L. 227, for taking an appeal for delay, will be imposed by the Supreme Court where it appears that the appellants, after taking the appeal, allowed the case to be nonprossed after a year's delay, without ever having the record of the lower court prepared for removal, and without having prepared a paperbook, and after having taken another appeal from an interlocutory decree which they never pursued to final hearing.

Argued May 5, 1897. Appeal, No. 401, Jan. T., 1896, by defendants, from decree of C. P. Crawford Co., Sept. T., 1894, No. 1, on bill in equity.

Motion for the imposition of the penalty provided by the act

of May 25, 1874. The motion was supported by the affidavit of Pearson Church which was as follows:

That he is attorney for John H. Martin, appellee in this case, and has been such from the institution of this suit until the present time; that he is thoroughly familiar with all the facts and circumstances of said case from its inception, and through its trial in the court below, and since the appeal was taken to this court; that the final decree of the court below was made on April 20, 1896, that the appellants waited the full term of twenty days, to wit: until May 9, 1896, after the sitting of this court for Crawford county, before the taking of their appeal from said decree; that no preparation has been made during the year for the final hearing of this case in this court; that at the present date no record has been prepared for removal from the court below; that no paper-book has been prepared or served upon this deponent or upon his client; that an appeal was taken by these same appellants in November or December, 1894, from an interlocutory decree of the court below, and never pursued to final hearing; that from the facts and circumstances of this case and of this appeal, deponent believes and avers that the said appeal was taken herein for the purpose of delay, and for no other purpose; that the realization of the fruits of the decree by the appellee has been delayed one whole year by the conduct of the appellants in taking this appeal, and for no other purpose than for delay; the said decree being for the payment of appellants to this appellee of the sum of $2,199.75.

E. Y. Breck, one of the appellants, filed the following affidavit: That as a member of the bar of Crawford county where this case was tried he was firmly of the conviction and belief that unless the decree of the court of common pleas of said county was modified the defendants would be compelled to pay more money than was justly due and owing to the plaintiff, and that upon his judgment and that of H. L. Richmond, Esq., counsel in the trial of the case, who died after the trial of the case in the court below, this appeal was taken. That a subsequent and more thorough investigation and examination of the facts and law in the case after the appeal had been taken led affiant to the conclusion and belief that the expense that would be incurred in the printing of the record which was very voluminous, and in procuring competent counsel to argue the case in

Philadelphia, would be equal or greater than any benefit to be gained from the prosecution of the appeal even if the decree were modified, and he thereupon so notified his codefendant some forty days before the return day of the writ issued in this case, but expressed his willingness to prosecute the appeal, to which notice affiant had no response; that affiant's codefendant is at present somewhere in the West, his address being unknown to affiant, and is not expected to return until May 8, the return day of this rule, and affiant is not informed as to whether he has had notice of this rule and had opportunity to prepare any answer.

*Pearson Church*, for motion.

*Henry C. Todd*, contra.

PER CURIAM, May 17, 1897:

The Act of May 25, 1874, P. L. 227, under which this rule for damages, etc., was granted, declares " That, in all cases in which a writ of error or an appeal from a decree in equity shall delay the proceedings on the judgment of the inferior court, and in the opinion of the Supreme Court the same shall have been sued out merely for delay, damages at the rate of six per cent per annum shall be awarded upon the amount of said judgment or decree by the Supreme Court, and an attorney fee of twenty dollars and cost of printing paper-book of the defendant in error or appellee shall be taxed and collected as part of the costs of suit."

Without referring specially to the record, affidavits, answer, etc., it is sufficient to say that the facts, as they appear to us, bring this case within the mischief intended to be remedied by the act above quoted. We are all of opinion that the appeal was taken merely for the purpose of delay. No other inference can be fairly drawn from the facts before us; and according to our ruling in O'Donnell v. Broad, 149 Pa. 24, Bachman v. Gross, 150 Pa. 516, Pennypacker v. Dear, 166 Pa. 284, and other cases, the plaintiff is entitled to the damages specified in the act.

The rule is therefore made absolute, and it is adjudged and decreed that damages, at the rate of six per centum per annum

on the amount of the decree, be and the same are hereby awarded in favor of the plaintiff and against the defendants, together with an attorney fee of twenty dollars, and costs of printing appellee's paper-book, if any, be taxed and collected as part of the costs.