## Emanuel C. Wolf *v.* Philadelphia Traction Co., Appellant.

*Practice, S. C.—Appeals—Penalty for taking appeal for delay.*

On a rule for penalties under the act of May 25, 1874, for taking an appeal for delay, it appeared that the verdict was unusually large. The defendant's liability was not denied and the defense was confined to the question of the amount of damages sustained. A new trial was refused by the court below. About nine months after the appeal was taken the defendant offered to compromise for a sum less than the amount of the verdict, but the offer was refused. No assignments of error were filed and no paper-books were furnished to the appellee. From the counter affidavit and the statement of counsel it appeared that the attorney who represented the defendant at the trial advised an appeal on account of the excessive verdict, and this was approved by the defendant's principal attorney. When, however, the latter came to prepare the case for argument on the appeal he considered that the appeal would be useless, as assignments of error based on the action of the lower courts in sustaining excessive verdicts had never been acted upon by the Supreme Court; the case of Smith v. Times Publishing Co., 178 Pa. 481 not yet having been decided. Counsel for the appellant stated that the appeal had been taken in good faith. *Held*, that the case was not one for the imposition of the penalties provided by the act.

Argued Jan. 16, 1897. Rule to show cause why damages provided for in the act of May 24, 1874, in causes sued out merely for the purposes of delay, should not be imposed on appellant in appeal, No. 327, Jan. T., 1896, by defendant, from judgment of C. P. No. 1, Phila. Co., Dec. T., 1895, No. 563, on verdict for plaintiff. Before STERRETT, C. J., WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Rule discharged. STERRETT, C. J., dissented.

The rule was granted upon the petition of Clinton O. Mayer, one of the attorneys for the plaintiff.

The averments of the petition and the counter affidavit, with statements of counsel, are fully set forth in the dissenting opinion of Mr. Chief Justice STERRETT.

*Joseph L. Greenwald* and *Clinton O. Mayer*, for the rule, cited, Pennypacker v. Dear, 166 Pa. 284.

*J. Howard Gendell*, contra.

OPINION BY MR. JUSTICE FELL, May 27, 1897 :

Unexplained, the facts stated in the affidavit on which the rule to show cause was granted would warrant an award of damages as provided by the act of May 25, 1874. As explained by the counter affidavit and the statement of counsel made at the argument of the rule, the facts furnish no ground for the conclusion that the appeal was taken merely for delay. At the trial the defendant's liability was not denied, and the defense was confined to the question of the amount of damages sustained. The verdict was unusually large, and on the plaintiff's own showing it might well be considered excessive. The real party in interest in defending the action was the Guarantor's Company. The attorney who represented the company at the trial advised an appeal on account of the excessive verdict, and his judgment was approved by the company's principal attorney after a careful examination of all the testimony. When however the latter came to prepare the case for argument on the appeal he considered the fact that assignments of error based on the action of the court of common pleas in sustaining an excessive verdict had never been acted upon by this court. Such assignments had been presented in numerous cases and passed without comment. The power conferred by the act of May 20, 1891, was first exercised in Smith v. Times Publishing Co., 178 Pa. 481, in which case the decision was rendered after the abandonment of this appeal. In the opinion filed January 4, 1897 it was said by our Brother MITCHELL : " It is a new power, a wide departure from the policy of centuries in regard to appellate courts, and so clearly exceptional in its character that no case has been presented until now in which we have felt called upon to exercise it." We are entirely convinced by the statements

of the highly reputable counsel who represented the appellant that the appeal was taken in good faith and not merely for delay. The offer of compromise afterward made and the abandonment of the appeal do not under the circumstances in the least weaken or qualify their statements. The appeal was not taken, as in Pennypacker v. Dear, 166 Pa. 284, in pursuance of a menace previously made, and counsel were justified in assuming that it would be useless to press the assignment.

The rule is discharged.

DISSENTING OPINION BY MR. CHIEF JUSTICE STERRETT:

The act of May 25, 1874, under which this rule for damages, etc., was granted, declares:

"That in all cases in which a writ of error or an appeal from a decree in equity shall delay the proceedings on the judgment of the inferior court, and in the opinion of the Supreme Court the same shall have been sued out merely for delay, damages at the rate of six per cent per annum shall be awarded upon the amount of said judgment or decree by the Supreme Court, and an attorney fee of twenty dollars and cost of printing paperbook of the defendant in error or appellee shall be taxed and collected as part of the costs of suit:" P. L. 227.

The petition and affidavit, on which the rule is grounded, contains, inter alia, the following averments of fact:

"That said suit was brought by the plaintiff to recover damages . . . . for injuries received by him in consequence of the careless, negligent and reckless management by the defendant of its cars; that at the time of the accident plaintiff was a passenger. . . . that by the testimony it appears that, in consequence of the negligent act of the defendant company and owing to the defective condition of the brake of the car, which fact was well known to the defendant company, the car suddenly left the track, and with great force ran into a building, nearly demolishing the building as well as the car, and from the force of the collision with the building the plaintiff sustained serious injury, which permanently disabled him from attending to his business; that no exceptions were taken during the trial and no evidence was offered by the defendant, no motion for a nonsuit was made, nor was any exception taken to the charge of the court, and, from the record, there appears no reason for

an appeal; that a motion for a new trial was made and refused; that the defendant company made affidavit that the appeal was not taken for delay; that notwithstanding the defendant's affidavit, said cause was appealed to this court solely and merely for the purpose of delaying plaintiff in recovering the amount justly due him; that no assignments of error were ever filed .... no paper-books were ever furnished the plaintiff; that plaintiff's counsel was present on the first day of the present term of court when the list was called, and notwithstanding the fact that defendant's attorney had not served any paper-books on plaintiff's counsel, defendant's attorney answered, 'Argument,' on the call of the case; that thereupon, plaintiff's counsel stated that no assignments of error had been filed and no paper-books furnished. Defendant's counsel then stated to the court that after an examination of the assignments of error that 'the judgment of the court could not be reversed' or words to that effect, and thereupon, on motion of plaintiff's counsel, a non pros was granted; .... that the effect of the appeal has been a hardship to plaintiff," etc.

It is also averred, in substance, that since the appeal was taken—March 31, 1896—"parties in the interest of defendant company have offered to compromise the case" for $12,000— that such an offer was made as late as November last, and was refused.

To these averments of fact,—tending to show not only the frivolous character of the appeal, but also that it was taken for the purpose of delay and, in the meantime, of effecting a favorable compromise with the plaintiff,—the only answer of the defendant company is that contained in the affidavit of one of its counsel, who, after averring that he alone conducted its case upon the trial in the court below, says:

"That after the verdict and judgment were rendered in said court, he was of opinion that the appeal ought in justice to the appellants be taken so that the Supreme Court might, in exercise of its power to set aside verdicts considered to be excessive, reduce the said verdict; that said appeal was not therefore taken for the purpose of delay, but for the purpose above mentioned and in the hope that said verdict might be reduced; that said appeal was not prosecuted because counsel for appellants afterwards and before the time fixed for argument were

of opinion that it would impose useless waste of time and labor upon the court to prosecute the same."

, It will be observed that, in this only answer to the rule, the defendant company does not even attempt to traverse or deny any of plaintiff's averments, except that wherein he distinctly declares that the appeal was taken "solely and merely for the purpose of delaying plaintiff in recovering the amount justly due him." The defendant's attempted denial of that averment is not direct and specific, but argumentative, to wit: that its attorney who tried the case in the court below, "was of opinion that the appeal ought . . . . to be taken so that the Supreme Court might, in exercise of its power to set aside verdicts considered to be excessive, reduce the said verdict; that said appeal was not therefore taken for the purpose of delay, but for the purpose above mentioned and in the hope that said verdict might be reduced." It is not averred in the answer that the verdict in question is excessive. The expression, "verdicts considered to be excessive," cannot be tortured into an averment that the verdict in this case was or is excessive. In fact, it is not so.

We then have a case in which it clearly appears, (1) that, upon the facts distinctly averred in plaintiff's petition, and not denied by defendant, the plaintiff, after presumably a fair trial in the court below, recovered a verdict and judgment for permanent physical disability caused solely by the negligence of defendant company; (2) on the trial the defendant offered no testimony in rebuttal of the evidence relied on by plaintiff, or for any other purpose, made no motion for a nonsuit, took no exception to any of the rulings of the learned trial judge, or to any of his instructions to the jury; (3) it is virtually admitted there is nothing in the record of the trial on which to base any assignment of error, or anything to justify an appeal to this court, except the novel suggestion of what may be called a general appeal to the judicial clemency of the appellate court, made, as alleged, "in the hope that said verdict might be reduced;" (4) between March 31, 1896, the date of appeal, and January 4, 1897, when it was non-prossed on motion of plaintiff's counsel, nothing whatever was done towards the prosecution of the appeal, in the way of filing assignments of error or preparation and service of paper-book on the appellee, but, in the interim,

overtures of compromise, by remission of a large percentage of the judgment, were made on behalf of the defendant to the plaintiff and by him rejected; (5) the only reason given for not prosecuting the appeal is that, after it was taken " and before the time fixed for argument," counsel for appellant " were of opinion that it would impose useless waste of time and labor upon the court to prosecute the same." When that wise and considerate conclusion was reached—whether shortly after the appeal was taken, or after the last overture of compromise was made by the company and rejected by the plaintiff in November last—does not appear; but, certain it is, whenever the conclusion was reached, it was the plain duty of the defendant to discontinue its appeal and not further delay " the proceedings on the judgment of the inferior court." To have done so would have been some evidence of good faith in taking the appeal, while omission to do so is quite the contrary.

Without referring to other minor facts and circumstances corroborative of the foregoing conclusions, it is sufficient to say that a careful examination and consideration of all the facts and circumstances of the case have forced me to the conclusion that the appeal was not merely frivolous, but it was in fact taken for delay and in the hope that in the meantime a favorable compromise of the judgment might be effected. This belongs to the class of cases to which the statute was clearly intended to apply, and to which, in justice to the plaintiff, it should be applied in this case.

Among the reported cases, in which the provisions of the act have been enforced, are: O'Donnell v. Broad, 149 Pa. 24; Bachman v. Gross, 150 Pa. 516, in which this court, of its own motion, imposed the penalty because the appeal was frivolous; and Pennypacker v. Dear, 166 Pa. 284.

If this is not a clear case for imposition of the penalties it would be very difficult to find one. I would make the rule absolute.