ALBANY,
Feb. 1839.

In the matter of the election of Directors of THE CHENANGO COUNTY MUTUAL INSURANCE COMPANY.

In the matter
of the Chenan-
go Co. Mutual
Ins. Company.

An election of directors of an insurance company will not be set aside merely because the inspectors are not sworn.

Where by the charter of a corporation directors only are prohibited from serving as inspectors of the election, other officers of the company are not excluded.

Where no time is limited within which the poll of an election must be held, it may be adjourned from day to day in the discretion of the inspectors.

An election of directors will not be set aside because illegal votes were given, unless they were challenged; nor will it be set aside although the votes were challenged, if after deducting all illegal votes there is still a clear majority in favor of the persons declared to be elected.

THIS was a motion to set aside the election of *seven* direc-    Feb. 1839.
tors of the company, declared by the inspectors of the annual
election held in September, 1838, to have been duly elected.
The grounds relied upon in support of the motion, were the
following:   1. That the inspectors were *not sworn* faithfully
to perform the duties of their appointment;   2. That one of
the inspectors was an officer of the company;   3. That the
election was improperly conducted, inasmuch as the polls were
kept open *seven days*, and when closed, were closed at an
earlier hour of the day than had been anticipated from the de-
clarations of the inspectors;   and   4. That votes had been
given for the persons elected, *illegal* in the following particu-
lars : *first,* that proxies upon which votes were given were
unaccompanied by affidavits ; *second,* that in various instances
the names of the persons giving the proxies had not stood
upon the books of the company for the period of thirty days
previous to the election ; and *third,* that in many other instan-
ces the proxies were executed by persons assuming to act as
attorneys for the stockholders, without the production of any
authority to perform such acts.   The fact that the inspectors
were not sworn, was admitted ; and it was also admitted that
one of the inspectors was an *officer* of the company, but not a
*director.*   In relation to the closing of the polls, the *surprize*
complained of was wholly denied on the part of the inspectors,

ALBANY, and they were supported by the affidavits of other persons.
Feb. 1839. As to the *illegal* votes, it appeared that there were such
In the matter votes on both sides, but that deducting the whole of such
of the Chenan- votes the persons declared to be elected had a decided
go Co. Mutual
Ins. Company. majority.

M. T. *Reynolds,* for the motion.

S. *Beardsley,* (attorney general) contra.

*By the Court,* NELSON, Ch. J. The first ground relied on
in support of this motion, viz. that the inspectors were *not
sworn* according to the directions of the statute, 1 R. S. 604,
§ 7, is not in itself sufficient to destroy the election, as was
recently held in the case of the *Mohawk and Hudson Rail
Road Company,* ante, 135.

As to the second objection : This company by its charter
is subject to all the restrictions and limitations imposed upon
the Jefferson County Mutual Insurance Company. And
that corporation is subject to the provisions of the eighteenth
chapter of the first part of the revised statutes as far as the
same are applicable. Statutes, sess. of 1836, p. 315, § 3,
and p. 46, § 14. 2 R. S. 577, 589, 596, § 34. By the sec-
tion last quoted it is declared that no person shall be chosen
or appointed an inspector of an election of directors in a
corporation, of which he shall be a *director* or *officer.* The
act incorporating the Jefferson County Mutual Insurance
Company, by its fourth section, disqualifies as inspectors
*only* the *directors* of the company ; and although by a sub-
sequent section it is declared that the corporation shall be
subject to the provisions of the 18th chapter of the revised
statutes, it is so only so far forth *as the same are applicable,*
and the legislature having in the act incorporating the in-
surance company limited the disqualification to *directors* only,
the revised statutes in this respect must be deemed inappli-
cable, and consequently the second ground of the motion
fails.

The third ground of the motion is, the keeping open of
the polls for a number of days, and then the unexpected

closing of them at an earlier hour than had been contempla-
ted, by which it is alleged that a number of votes were
excluded which otherwise would have been given. In respect
to this objection, I observe, that no time is specified by law
within which the polls must be kept open ; the duration of
the time must, therefore, be left to the sound discretion of
the inspectors. *Vide* the case of the *Mohawk and Hudson
R. R. Co.* ante, 147. As to the due exercise of discretion in
this case, the affidavits submitted on this motion are con-
siderably in conflict, but it is impossible for me to say, giving
due weight to all of them, that there was an abuse of discre-
tion. The depositions of the inspectors themselves are very
full and explicit, and in respect to their conduct most serious-
ly impeached, namely, as to the closing of the polls, they are
strongly confirmed by the evidence of others ; so much so
that I do not feel myself warranted in subjecting the com-
pany upon this ground to the trouble and expense of a new
election ; and especially so when I see from the papers sub-
mitted that if a further continuance of the poll had been
granted, the result probably would not have been varied, ex-
cept, perhaps as to one candidate. The duties of inspectors
of election under this charter, are obviously attended with a
good deal of difficulty, and it is to be regretted as well in re-
gard to the interests of these institutions as in respect to the
public good, that the time within which the polls of election
for directors shall be kept open had not been specifically de-
fined ; as it is, great abuses may be practised, and the very
opportunity that exists will lead to their occurrence.

As to the illegal votes ; it is said that proxies upon which
votes were given were not accompanied by affidavits of
the stockholders, as required by § 40 of 2 R. S. 597, and that
the names of persons who were permitted to vote by proxy
had not stood upon the books of the corporation thirty days
previous to the election. There is some difficulty in the ap-
plication of the provisions of the 18th chapter of the revised
statutes to the charter now under consideration, arising out
of the more general reference to such provisions, referred to
above when considering the second objection raised in this

ALBANY,
Feb. 1839.

In the matter
of the Chenan-
go Co. Mutual
Ins. Company.

ALBANY,
Feb. 1839

In the matter
of the Chenan-
go Co. Mutual
Ins. Company.

case. The difficulty, however, is in some measure removed by § 51, p. 598, which declares that the term *moneyed corporation*, as used in the *title* under whicn the section is found, shall be construed to mean every corporation having banking powers, &c. or *authorized by law to make insurances.* By § 36, p. 596, the stock voted upon must have been standing upon the books of the corporation thirty days previous to the election, and by § 39 and 40 no person is permitted to vote upon a proxy unless he produce annexed to his proxy an affidavit of the stockholder as specified in the statute. Neither of these provisions seems to have been regarded at the election on either side, nor have I discovered in the voluminous papers submitted on this motion any challenge, of a person offering to vote, upon these particular grounds. It is quite clear, generally speaking, that an illegal vote, not challenged, will not invalidate an election, nor will even be inquired into. No oath or affidavit seems to be required unless a challenge is interposed, § 39, 40, 41 ; and this accords with the general usage at elections. I do not say but that it is the duty of the inspectors themselves to inquire into the qualifications of persons offering to vote. This, however, is usually done in an informal manner, with a view to see that a *prima facie* right to give the vote exists.

The decisive answer, however, to the fourth ground of objection urged against this election is, that if all the *exceptionable votes* given on both sides are rejected, still according to the best estimate that I have been able to make from the papers before me, the seven persons declared to be elected have a clear majority ; and this is true also, if we regard every variety of exception taken to the votes. In such a case it is not our practice under this statute, 1 R. S. 603, § 5, which directs a disposition of the case " as right and justice may appear," to disturb the election. Vide analogous cases, 7 Cowen, 153, and ante, pp. 35 and 135.

After the most careful examination and consideration which I have been able to bestow upon this case, I am of opinion the motion must be denied.

Motion denied.