IN RE ELECTION OF TRUSTEES OF BETHANY BAPTIST
CHURCH.

The provisions of section 44 of the act concerning corporations (*Gen. Stat.,*
*p.* 916) do not empower this court to inquire into or determine the
validity of the election of trustees of a corporation formed under the
provisions of the act to incorporate trustees of religious societies (*Gen.*
*Stat., p.* 2735) in the summary manner provided for by that section.

On application for summary review of election, &c.

Argued at November Term, 1896, before Justices DEPUE,
MAGIE and GUMMERE.

For the applicants, *Francis E. Marsh.*

*Contra, Thomas Anderson.*

The opinion of the court was delivered by

MAGIE, J.   In this case application is made to the court
to inquire into and determine the validity of an election of
trustees of a corporation formed under the provisions of the
act entitled "An act to incorporate trustees of religious
societies," approved April 9th, 1875 (*Gen. Stat., p.* 2735), in
the summary manner required by the provisions of section 44
of the act entitled "An act concerning corporations."   *Gen.*
*Stat., p.* 916.

It is obvious that before considering the question raised
respecting the election, it must first be determined whether
the provisions of section 44 of the Corporation act confer
authority so to do upon this court.

The provisions of that section first came into our legislation
in an act passed December 8th, 1825 (*Harr. Comp.* 112), and
entitled "An act to prevent fraudulent elections by incorporated
companies and to facilitate proceedings against them."   They
are contained in section 4, in the same words now in section
44 of the Corporation act.   But by section 7 it was expressly

declared that nothing contained in the act of 1825 should apply to any incorporated literary or religious society.

The act of 1825 and a supplement thereto passed March 11th, 1841 (*Pamph. L., p.* 116), were revised and re-enacted, under the same title, in the revision of 1846. *Rev. Stat., p.* 139. The revised act contained, in section 7, the same provisions which were in section 4 of the act of 1825. And by section 10 it was declared that the act should not apply to any incorporated literary or religious society.

The legislation referred to obviously conferred no power on this court over the election of officers of religious societies. That legislation remained unaltered until the revision of 1874–75, when the provisions of the "Act to prevent fraudulent elections by incorporated companies and to facilitate proceedings against them" of April 15th, 1846 (*Rev. Stat., p.* 139), were, in the main, re-enacted in the Corporation act and the former act was repealed. *Rev., p.* 1394. The seventh section of the act of 1846 became section 44 of the Corporation act, but the tenth section of the act of 1846 was not re-enacted.

Does the failure to re-enact the provision which denied the application of this legislation to religious societies indicate a legislative intent that it should apply to them? Did the legislature, in re-enacting this legislation, intend to confer on this court authority and impose on it a duty respecting the elections of officers of such societies?

In my judgment such a legislative intent is not discoverable in the re-enactment of the legislation contained in section 44. It is true that the language of that section is general, but it was included in the Corporation act under the title "Election of Officers." Now, trustees of religious societies are not elected under the provisions of the Corporation act but of the Religious Societies act. The effect of the Corporation act upon corporations formed under other general laws is expressly declared by section 9 to be to invest such corporations (in addition to the powers acquired by their organization) with the powers conferred by the Corporation act, subject to such

restrictions thereon as were contained in that act, so far as the same are consistent with the act under which their organization was effected. Obviously, the provisions under the sub-title "Election of Officers" were not intended to prescribe a rule for the election of officers of religious societies.

The other provisions under this sub-title clearly indicate the absence of any such intent. Commencing with section 36, all sections before section 44 contain provisions respecting the election of officers in corporations having stock, books for the transfer of stock and stockholders. They require transfer-books to be open to inspection and make them conclusive evidence of a right to vote; they require elections by ballot and give each stockholder a vote for each share of stock held by him, which vote may be given in person or by proxy; they direct that a list of stockholders should be produced at each election, &c. The provisions of sections of this sub-title following section 44 (except section 49) also relate to elections held by corporations having stock and stockholders.

It is perfectly obvious that these provisions which accompany section 44 are entirely inapplicable to religious societies, which have neither stock nor stockholders, and in which the right to vote at an election of officers does not depend upon the ownership of stock evidenced upon stock-books. To my mind the utter inapplicability of these provisions respecting elections to such societies indicates that the language of section 44, included within the same sub-title, though general, was intended to be limited to the elections to which the other provisions applied and not to be extended to elections to which they were inapplicable. I think this intent was so clear that it was deemed unnecessary to re-enact the restriction which the previous legislation contained.

The result is that the court has not the power to investigate the election of the trustees of this church in a summary way, and the application must be denied.

It is to be observed that the application in this case was made in January, 1896, before the passage of the Corporation act approved April 21st, 1896. *Pamph. L., p.* 277.