IN THE MATTER OF THE ELECTION OF THE OFFICERS AND DIRECTORS OF THE PROVIDENT BUILDING AND LOAN ASSOCIATION OF PASSAIC COUNTY.

Submitted July 12, 1898—Decided November 7, 1898.

In a building and loan association where each shareholder is entitled to one vote for officers, every voter must be the holder of at least one share of the stock of the association.

On rule to show cause under section 44 of the Corporation act. *Pamph. L.* 1896, *p.* 291.

Before Justices DEPUE, VAN SYCKEL and GARRISON.

For the rule, *Francis Scott.*

*Contra, Frank Gledhill.*

The opinion of the court was delivered by

GARRISON, J. At an election held for the officers of a building and loan association, votes were cast by persons who were not each the holder of a share of stock in the association, but part owners of a single share. Although challenged, these "fractional" votes were received and counted. This course was clearly illegal. The constitution of the association provides that " each *shareholder* shall be entitled to one vote only, irrespective of the number of shares he or she may hold." A shareholder for voting purposes is the holder of a share, which is the unit. Ownership for other purposes comes under a different rule. A construction that permitted an unlimited number of votes to be cast upon one share of stock would lead to farcical results.

In the present case the sole justification seems to be that the practice was adopted by each party. This leads not to the establishment of the election but to the ordering of a new one, to be conducted upon a rational interpretation of the law of the body.

The other subjects discussed in the briefs of counsel are, if anything, evidences of fraud, which, in view of the order for a new election, are not now subjects for consideration.

No costs are allowed by either party as against the other.