IN THE MATTER OF THE ELECTION OF DIRECTORS OF THE NEWARK LIBRARY ASSOCIATION.

Argued February 27, 1899—Decided May 22, 1899.

1. The Newark Library Association has both stock and stockholders, and is therefore within the forty-second section of the Corporation act of 1896. *Pamph L., p.* 291.
2. The power reserved by the legislature in the act 1846 to alter, suspend and repeal, relates to those matters which concern the public and not to the mode of controlling the affairs of the stockholders *inter sese.*
3. The method of voting prescribed by the charter is part of the contract between stockholders; it in nowise affects the public, and it is therefore a contract which cannot be impaired by legislation.

---

On petition for a summary investigation of an election for directors of the Newark Library Association, held at a general meeting of the stockholders January 4th, 1899.

Before Justices DEPUE, VAN SYCKEL and GUMMERE.

For the petitioners, *Sherrerd Depue* and *Richard V. Lindabury.*

For the respondents, *Robert H. McCarter.*

The opinion of the court was delivered by

VAN SYCKEL, J.   The Newark Library Association was chartered by an act of the legislature approved February 19th, 1847.   *Pamph. L., p.* 69.

The sixth section of the "Act concerning corporations," approved February 14th, 1846, enacts " that the charter of every corporation which shall hereafter be granted by the legislature shall be subject to alteration, suspension and repeal in the discretion of the legislature."

By the charter of the library association as passed in 1847, each stockholder has one vote for each share of the capital stock which he holds not exceeding five shares and one vote for every additional five shares.

By an act passed in 1897 (*Pamph. L., p.* 189), each stockholder was given one vote for each share held by him.

The proceedings in this case are taken under the forty-second section of the Corporation act for a summary investigation of an election for directors of the said library association held January 4th, 1899.

If the stock is voted according to the provisions of the original charter, the persons voted for by the petitioners were elected directors, but if voted according to the act of 1897 the respondents were in the majority.

*First.* The forty-second section of the Corporation act of 1896 applies to this case.

*In re Bethany Church,* 31 *Vroom* 88, the Court of Errors and Appeals held that the forty-fourth section of the act of 1875 did not apply to religious societies incorporated under the Religious Societies act (*Gen. Stat., p.* 2735), because they have neither stock nor stockholders, and the sections under the sub-title " Elections," &c., were inapplicable to such case.

The Newark Library Association has both stock and stockholders, and the provisions of the sub-title of the Corporation act apply to it.   The charter provides that the stock of the company shall be personal property.

*Second.* This not being a strictly charitable association, but an association in which the shareholders are vested with the

rights of private property in their shares of stock, it cannot be dealt with under the rules which apply to purely charitable organizations.

The power reserved by the legislature in the act of 1846 to alter, suspend and repeal relates to those matters which concern the public, and not to the mode of controlling the affairs of the stockholders *inter sese.*

The legislature may alter or repeal the charter and extinguish the corporate existence of the association, but it is without power to take away from the shareholders the property which they have acquired during its existence, and the act of 1846 does not reserve the power to affect or change the rights of the corporators as between each other.

The method of voting prescribed in the charter is part of the contract between stockholders. It relates to the manner of controlling the association and its property represented in their shares as between themselves. It in nowise affects the public, and it is a contract which cannot be impaired by legislation. *Zabriskie* v. *Hackensack and New York Railroad Co.*, 3 *C. E. Gr.* 178 ; *Loewenthal* v. *Rubber Reclaiming Co.*, 7 *Dick. Ch. Rep.* 440.

*Third.* The persons voted for by the petitioners were therefore elected as directors and are entitled to be put in office. The election of directors voted for by respondents is set a-ide.

Let an order be entered accordingly. *In matter of St. Lawrence Co.*, 15 *Vroom* 529 ; *In re Election of Cape May, &c.*, 22 *Id.* 78.