IN THE MATTER OF THE ELECTION FOR SECRETARY OF THE UNITED TOWNS BUILDING AND LOAN ASSOCIATION.

Argued June 1, 1909—Decided November 8, 1909.

1. Section 42 of the General Corporation act of 1896, authorizing the summary investigation of corporate elections by the Supreme Court. applies to building and loan associations.
2. Where votes are offered at a corporate election upon stock that has been transferred within twenty days, one who was present and had the means of knowing that the votes were improper but failed to object at the time, cannot afterward question their reception.
3. A provision in the constitution of a building and loan association limiting the right to vote to stock a year old is invalid because in conflict with the statute which gives a vote to each member.

---

On rule to show cause under section 42 of the Corporation act.

Before Justices SWAYZE, TRENCHARD and MINTURN.

For the petitioner, Lucius W. Parker, *John G. Horner.*

For the respondent, H. G. Smith, *Joseph Beck Tyler.*

The opinion of the court was delivered by

SWAYZE, J.   The respondent questions the right of the court to proceed under section 42 of the Corporation act—*first*, because that section is said not to be applicable to a

building and loan association which is incorporated under another act and is expressly excepted in section 6 of the Corporation act and impliedly excluded from its operation by section 3; *second,* because a building and loan association does not, properly speaking, have shares of capital stock.

(1) We might well rest our jurisdiction upon the *Provident Building and Loan Association Case,* 33 *Vroom* 590, in which a summary investigation was held into the result of the election of officers of a building and loan association. But the question was not raised in that case, and we have therefore thought it best to deal with it independent of the prior practice. Section 3 of the Corporation act is merely intended to prevent corporations under that act from exercising banking powers, and section 6 is meant to exclude building and loan associations from incorporating under that act and to compel them to resort to the act intended for them specially. There is nothing in either section to limit the effect of the provision in section 2 that every corporation shall be governed by the provisions and be subject to the restrictions and liabilities contained in the act so far as the same are appropriate to and not inconsistent with its charter or the act under which it is formed. The Building and Loan act of 1875, under which the United Towns association was formed, as well as the revised act of 1903, both enact that such associations shall have the powers mentioned in the first section of the General Corporation act. *Gen Stat., p.* 332, *pl.* 2; *Pamph. L.* 1903, *p.* 458, § 4. There is, therefore, no necessary inconsistency in the view that the provisions as to elections, as far at least as they are involved in this suit, are applicable to building and loan associations. The history of these sections makes it clear that they are applicable. That history is given in *In re Bethany Church,* 31 *Vroom* 88. They were originally part of the act to prevent fraudulent elections by incorporated companies, and they did not lose their general applicability by their subsequent incorporation in the General Corporation act.

(2) The objection that building and loan associations do not have shares of capital stock is equally futile. It is con-

ceded that they have shares and that the members are spoken of in the act as shareholders, and counsel appear to have overlooked the fact that in the supplement of 1887 (*Gen. Stat., p. 334, pl. 19*), and in the revised act of 1903 (*Pamph. L., p. 462, § 18*), these shares are called shares of stock. This language of the legislature is in harmony with the common usage which regards the holdings of the shareholders as stock and not as deposits similar to deposits in savings banks. Instances of similar use of the words "capital stock" are *Washington Building and Loan Association* v. *Creveling,* 10 *Vroom* 465, where an association was held taxable on capital stock; *McNeal* v. *Mechanics Building and Loan Association,* 13 *Stew. Eq.* 351. The constitution and by-laws of this very association speak of the shareholders as stockholders. We are clear that the Corporation act is applicable to this case.

Several irregularities in the reception and rejection of votes are complained of—*first,* votes were rejected on stock which was less than one year old; *second,* votes were cast upon proxies given by minors; *third,* votes of minors under the age of sixteen were received; *fourth,* votes were received for stock which had been transferred within twenty days.

As to the last class we think the objection comes too late. It should have been made at the time, since the petitioner was present, and could have ascertained by examination of the stock books that the stock was not entitled to be voted. *In re Chenango, &c., Insurance Co.,* 19 *Wend.* 635; *Cook Stock.,* § 620. As to the second and third classes the Building and Loan Association act expressly prevents minors being represented by proxy, and provides that those under sixteen shall not have the right to vote. *Pamph. L.* 1903, *p.* 459, § 5.

As to stock less than one year old, the constitution of the association, if valid, deprives it of a vote. We agree, however, with the view of the petitioner that this conflicts with the provision of the statute which gives a vote to each member. A man is none the less a member because the amount paid in by him may be small. Such a provision, if permitted, would make possible the adoption of a constitution by which the whole control of the association would be in the hands of the

investing members to the exclusion of borrowing members. The limit instead of being fixed at a year might be fixed at eight or ten years and the whole scheme of the act thwarted.

These irregularities suffice to change the result of the election. It does not follow that the petitioner should be declared elected. He did not receive a majority of the whole number of shares outstanding. The result is that the election must be set aside. *In re Provident Building and Loan Association*, 33 *Vroom* 590.

It should be set aside, with costs, to be paid by the respondent. The errors were committed by his counsel acting as judge of the election, and he had been qualified so to act by a transfer of stock made to him on the eve of the election.