This appeal is from a judgment entered on December 14, 1948, in the Chancery Division of the Superior Court, which ordered the dissolution of the Collins-Doan Company "in accordance with the provisions of R.S. 14:13-15."
The court below ordered the dissolution on its finding that the requirements of P.L. 1938, c. 303 (which is referred to asR.S. 14:13-15) had been met, in that (a) the corporation has four directors who are equally divided respecting the management of its affairs; (b) the voting shares are equally divided into two independent ownerships or interests, and one-half thereof is owned by the petitioners who favor the course or views of part of the directors and the other one-half is owned and controlled by persons favoring the course or views of the other directors; and (c) the holders of shares entitling them to exercise one-half or more of the voting power have joined in filing the petition.
The corporation was organized December 20, 1916. It acquired the printing business of the partnership of Collins and Doan and issued in payment therefor 100 shares of its 6% cumulative preferred stock and 110 shares of its common stock. Israel Doan received 100 shares of preferred stock; Samuel Collins, 105 shares of common stock; and Alfred Moe, five shares of common. The stock now held by Morten and Mary Doan is part of the 100 shares issued to Israel Doan and the stock now held by Harvey Collins is part of the 105 shares issued to Samuel Collins. The certificate of incorporation provides that the holders of preferred stock shall have equal representation on the board of directors with the holders of the common stock. The by-laws provide for four directors: two to be elected by the preferred stockholders and two by the common stockholders. Directors have been elected annually from 1916 to 1946, inclusive; and Israel Doan, since 1916, and Louis Morten, since 1937, have been elected by the preferred *Page 388 
stockholders, and Samuel Collins and Alfred Moe, since 1916, have been elected by the common stockholders.
At the first meeting of the directors on December 20, 1916, Israel Doan was elected president; Samuel Collins, treasurer; and Alfred Moe, secretary; and these officers have been re-elected annually by the directors, excepting during the years 1938 to 1945, inclusive, when no directors' meetings were held, because Doan and Morten refused to participate. Upon a motion made by director Morten, these officers were last elected at a meeting of the directors on February 4, 1946, which is fifteen days before the filing of the petition for dissolution. Following the incorporation in 1916, Israel Doan for a month or so participated in the business, but then withdrew. Samuel Collins has been the active manager of the business since the incorporation. Dividends were paid on the preferred stock until 1932, and no dividend has been paid since.
The first and only disagreement among the directors on any matter voted upon at a directors' meeting occurred at a meeting on February 1, 1937. A resolution was introduced by director Morten, seconded by Doan, that the directors purchase the preferred stock issued and outstanding, at par, with accrued dividends, for which the preferred stockholders offered to accept in payment a mortgage on the assets for that amount. Morten and Doan voted "yes" and Collins and Moe voted "no." When this motion failed of passage, Morten made a protest against the payment of any further salaries or commissions to either Samuel Collins or Harvey Collins, and both Morten and Doan then withdrew from the meeting. After the election of the same directors in February, 1938, Morten sent a statement to the secretary notifying him that neither Morten nor Doan would participate in any organization meeting of the new directors. From 1937 until the meeting of February 4, 1946, Morten and Doan continued their refusal to take part in any meeting of the directors. At the directors' meeting of February 4, 1946, the officers were re-elected unanimously and the meeting was adjourned to February 28, 1946. At the directors' meeting on February 28, 1946, Morten and *Page 389 
Doan received the audit for 1945, and they then withdrew from the meeting. The petition for dissolution had been filed, in the meantime, on February 19, 1946.
The ordinary method for dissolution of a corporation by action of its directors and stockholders is set forth in R.S. 14:13-1et seq., and requires the consent of two-thirds in interest of all the stockholders. P.L. 1938, c. 303, was not intended to permit dissolution merely on the petition of the holders of shares entitling them to exercise one-half of the voting power. The statute, in requiring an equal division of the directors respecting the management of the corporate affairs, contemplates a deadlock on a question or questions which, if undecided, will result either in an inability to provide management of its affairs, or in the prevention of the attainment of the objects of the corporation, or in serious danger to the rights of the stockholders of the corporation. If the statute required less, its application to a corporation such as this, which was organized before its effective date, might be unconstitutional as purely a regulation of the rights of the stockholders intersese, despite the provisions of R.S. 14:2-8 and 14:2-9. In reNewark Library Association, 64 N.J.L. 217 (Sup. Ct. 1899).
The even division of the directors on the Morten resolution of February 1, 1937, was not a deadlock on an issue within the contemplation of the statute. Petitioners relied also on testimony that neither Doan nor Morten was consulted by Samuel Collins about the payment of bills, the incurring of obligations, the salary of the manager after 1937, and that Samuel Collins in 1945 had moved the plant from a building owned by the corporation to another building which he leased. These are matters within the control of the board of directors. Morten and Doan, by refusing to attend meetings of the directors and by failing to seek action by the directors when they did attend, prevented any adjustment of these matters by the board. The court cannot assume or guess what the situation will be when the directors meet, and cannot assume that any difficulties may not be overcome. The proof in this case fails to meet the requirement of the statute that *Page 390 
the directors are equally divided respecting the management of the corporation's affairs.
The judgment under appeal is reversed.