# Stauffer *v.* Reading, Appellant.

*New trial—Appeal—Supreme Court—Act of May* 20, 1891, *P. L.* 101.

The Supreme Court will not exercise the authority conferred upon it by the Act of May 20, 1891, P. L. 101, to grant a new trial on the ground that a verdict is excessive, except where the injustice in allowing an excessive verdict to stand is so manifest as to show clear abuse of discretion by the trial judge.

Argued Feb. 29, 1904. Appeal, No. 236, Jan. T., 1904, by defendant, from judgment of C. P. Berks Co., Jan. T., 1900, No. 33, on verdict for plaintiff in case of A. K. Stauffer v. City of Reading. Before FELL, BROWN, MESTREZAT, POTTER and THOMPSON, JJ. Affirmed.

Appeal from award of jury of view.
Rule for new trial.

ENDLICH, J., filed the following opinion:

The rule for a new trial having been reinstated by the decision of the Supreme Court of July 9, 1903, it comes before the court for disposition on the ground originally urged in support of it, viz., the alleged excessiveness of the verdict. When it was here before, the court was of the opinion that the damages allowed are high.· It is of the same opinion still. But now as then, it is confronted with the difficulty that the evidence affords no safe measure of reduction in dollars and cents. The way out of this difficulty attempted in the former decision has been ·

adjudged inadmissible because beyond the discretion of the court in imposing terms as a condition for the refusal of a new trial.   In these circumstances it is not apparent that the verdict can legitimately be disturbed.   It is, of course, true that " the trial judge is, in an important sense, the thirteenth juror, and when the amount of the verdict shows that it must have been arrived at by the adoption of an erroneous measure of damages or a mistake in computation, he should not hesitate to set aside : " Robb v. Carnegie, 145 Pa. 324, 345.   But in order to satisfy him that such error must have occurred, the verdict should not merely appear liberal ; it should have that in it which, by its manifest disproportionateness, appears shocking or outrageous.   See Roberts v. Swift, 1 Yeates, 209, Sommer v. Wilt, 4 S. & R. 19, and Dennis v. Barber, 6 S. & R. 420.   The application of this rule necessarily implies the existence in the evidence of some definite measure whereby to ascertain the proportionateness or disproportionateness of the verdict.   It is that that is lacking here, and that is often found lacking, where, as in this case, the testimony consists of widely divergent estimates of value and damages by witnesses whose examination discloses no common ground upon which any number of them can be classified as standing.   The estimates of the difference in market value of this plaintiff's property run all the way from $15,000 depreciation to $4,000 appreciation.   The elements of damage and benefit, respectively, relied on by several witnesses are as diverse as their estimates.   There is nothing which seems to be agreed upon by any considerable proportion of them, and which for that reason might be laid hold of by the court as a criterion established by the weight of the evidence in declaring that such and such a sum would be a proper allowance, and thus judging of the proportionateness or disproportionateness of the verdict and of the amount in dollars and cents by which it ought to be reduced in order to stand. Before setting aside a verdict in a case like this, where plaintiff is clearly entitled to recover, it is but fair to give him an opportunity of accepting a reduction of it; and where there is nothing in the evidence whereby to determine the proper extent of a reduction,—where the naming of any figure would be simply an arbitrary act of the court,—and where the jury has viewed the premises,—and where its verdict is not so enormous as to

be shocking,—the court, being restricted to a pecuniary reduction as the only possible modification of the verdict, will go safest in refusing to disturb it.

The rule to show cause is discharged.

*Error assigned* was order discharging rule for new trial.

*William J. Rourke*, city solicitor, with him *Walter S. Young*, for appellant.

No paper-book filed nor appearance entered for appellee.

PER CURIAM, March 14, 1904:

The only assignment of error is to the refusal of the court to grant a new trial on the ground that the verdict was excessive. The authority conferred by the Act of May 20, 1891, P. L. 101, was first exercised by this court in 1897, six years after the passage of the act, in Smith v. Times Publishing Co., 178 Pa. 481, in which it was said by the present chief justice: "It is a new power, a wide departure from the policy of centuries in regard to appellate courts, and so clearly exceptional in character that no case has been presented until now, in which we have felt called upon to exercise it." The power has not since been exercised, and it will not be except in cases where the injustice in allowing an excessive verdict to stand is so manifest as to show clear abuse of discretion by the trial judge: Schenkel v. Pittsburg, etc., Traction Co., 194 Pa. 182; Stevenson v. Ebervale Coal Co., 203 Pa. 316. This is very far from being such a case. The estimates of the witnesses as to the market value of the plaintiff's land and as to the elements of damage and benefit resulting from the opening of a street through it were widely divergent, as is usual in cases of this class. But there was testimony which, if believed by the jury, warranted their verdict.

The judgment is affirmed.