# Harrisburg, Carlisle & Chambersburg Turnpike Road Company v. Cumberland County, Appellant.

*Practice, C. P.—Verdict—Excessive verdict—Appeals—Act of May 20, 1891, P. L. 101.*

1. The power conferred by the Act of May 20, 1891, P. L. 101, in the appellate courts to review the action of the court below in refusing to grant a new trial because of an alleged excessive verdict, will not be exercised except in extreme cases where the injustice of allowing an excessive verdict to stand is so manifest as to show a clear abuse of discretion by the trial court.

*Turnpike companies—Condemnation of road—Damages—Evidence.*

2. In a proceeding against a county to assess damages for the taking of a turnpike road, the jury, may consider the physical condition of the roadbed, the net amount of tolls received, or that would be received under a better management, the market value of the stock, and the value which the road might have for use by an electric railway, if there is a reasonable prospect of such use.

Argued May 24, 1909. Appeal, No. 5, May T., 1909, by defendant, from judgment of C. P. Dauphin Co., Sept. T., 1907, No. 150, on verdict for plaintiff in case of Harrisburg, Carlisle & Chambersburg Turnpike Road Company v. Cumberland

County.   Before FELL, BROWN, MESTREZAT, POTTER, ELKIN
and STEWART, JJ.   Affirmed.

Appeal from award of jury of view.   Before SHULL, P. J.,
specially presiding.

At the trial the court admitted under objection and excep-
tion the testimony of various witnesses showing the condi-
tion of the roadbed, the value of tollhouses and tollgates, the
amount of tolls, the market value of the stock, and the pos-
sible use of the road by an electric railway. [1–5]

Verdict for plaintiff for $22,000 on which judgment was en-
tered for $17,000, all above that amount having been remitted.

*Errors assigned* were (1–5) various rulings on evidence, and
(10) in refusing a new trial.

*Filmore Maust,* with him *Millard F. Thompson,* county so-
licitor, and *Frank B. Wickersham,* for appellant.

*Lyman D. Gilbert* and *Walter K. Sharpe,* of *Sharpe & Elder,*
with them *William R. Johnston,* for appellee.

PER CURIAM, June 22, 1909:

This appeal is from a judgment obtained in the common
pleas in proceedings under the Act of June 2, 1887, P. L. 306,
to assess damages for the condemnation of a part of the plain-
tiff's turnpike road.   The main argument for the appellant
is intended to show error on the part of the court in refusing to
grant a new trial because of an alleged excessive verdict.   The
power conferred by the Act of May 20, 1891, P. L. 101, was
first exercised in Smith v. Times Publishing Co., 178 Pa. 481,
decided six years after the passage of the act, and in which it
was said: "It is a new power, a wide departure from the policy
of centuries in regard to appellate courts, and so clearly ex-
ceptional in character that no case has been presented until
now in which we have felt called upon to exercise it."   It has
not since been exercised and it has been repeatedly said, in
a line of cases extending from Wolf v. The Traction Co., 181

Pa. 399, to Murtland v. English, 214 Pa. 325, that it will not be exercised except in extreme cases where the injustice of allowing an excessive verdict to stand is so manifest as to show a clear abuse of discretion by the court in which the case was tried. The verdict rendered was not without support in the testimony, but the learned trial judge, upon a review of the whole case, was of opinion that it should be reduced and ordered that a new trial be granted unless a remittitur should be filed by the plaintiff. In this we find not an abuse but a wise exercise of discretion by the court.

The nature of the property taken and the effect of a partial taking on the remaining portion of the road made the assessment of damages exceptionally difficult; but we find no error in the rulings of the court on the admission of testimony or in the instructions to the jury. In ascertaining the value of the property taken, the physical condition of the roadbed, the net amount of tolls received or that would be received under a better management, and the market value of the stock were all elements to be considered: Mifflin Bridge Co. v. Juniata County, 144 Pa. 365; West Chester, etc., Plank Road Co. v. Chester County, 182 Pa. 40. It was also competent for the plaintiff to show the value which the road might have for use by an electric railway company if there was a reasonable prospect of such use. The owner of property taken under condemnation proceedings is entitled to have the value of the property considered for any use to which it may be adapted: Cox v. Phila., etc., R. R. Co., 215 Pa. 506.

The judgment is affirmed.