SURAVITZ v. PRISTASZ.†

(Circuit Court of Appeals, Third Circuit. November 23, 1912.)

No. 1,606.

1. COURTS (§ 321*)—FEDERAL COURTS—JURISDICTION—ACTION BY ALIEN.
Federal jurisdiction existed where an alien subject of the kingdom of Austria sued a resident and citizen of Pennsylvania.
[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 845, 847–849; Dec. Dig. § 321.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes
† Rehearing denied February 10, 1913.

2. TRIAL (§ 59*)—RECEPTION OF EVIDENCE—TIME OF OFFER.

Offer of a release and discontinuance of the action before the jury were sworn was properly refused: it being matter of defense, which could not be interjected into plaintiff's case.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 138–140, 142, 143, 145; Dec. Dig. § 59.*]

3. RELEASE (§ 58*)—LEGAL DEFENSE.

Where a release, pleaded as a defense to an action for breach of marriage promise, was attacked for fraud, and the evidence on that issue, was conflicting, it was properly submitted to the jury.

[Ed. Note.—For other cases, see Release, Cent. Dig. §§ 109–114; Dec. Dig. § 58.*]

4. EVIDENCE (§ 434*)—PAROL EVIDENCE—WRITTEN INSTRUMENT—RELEASE—FRAUD.

Where a written release was attacked for fraud, parol evidence indicating that it was fraudulently secured was not objectionable, on the theory that it contradicted the written instrument.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2005–2020; Dec. Dig. § 434.*]

5. APPEAL AND ERROR (§ 263*)—NECESSITY OF EXCEPTION AT TRIAL.

An objection to the charge cannot be considered on appeal, where no exception was taken at the trial.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1516–1532; Dec. Dig. § 263.*]

6. APPEAL AND ERROR (§ 1004*)—REVIEW—EXCESSIVE VERDICT.

A judgment cannot be reversed on appeal, on the ground that the damages are excessive.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3944–3947; Dec. Dig. § 1004.*]

In Error to the District Court of the United States for the Middle District of Pennsylvania; Charles B. Witmer, District Judge.

Action by Katie Pristasz against Jacob Suravitz. Judgment for plaintiff, and defendant brings error. Affirmed.

Richard H. Holgate, of Scranton, Pa., for plaintiff in error.

M. S. Kaufman, C. B. Little, and M. J. Martin, all of Scranton, Pa., for defendant in error.

Before GRAY, BUFFINGTON, and McPHERSON, Circuit Judges.

J. B. McPHERSON, Circuit Judge. The plaintiff in error has clearly disregarded our rules, and we might well dismiss the writ for this reason, without considering any other question. But in view of the size of the verdict (which seems to be unusually large, if all the circumstances of the case are taken into account) we have decided to pass upon the assignments of error as a matter of grace.

[1] The asserted lack of jurisdiction does not require discussion. The plaintiff is, and was declared in the pleadings to be, "an alien and a subject of the kingdom of Austria," and the defendant is, and was declared to be, "a resident and citizen of the state of Pennsylvania." What more was needed, we have not been advised.

[2] The refusal of the trial judge to admit the paper called a "re-

---

lease and discontinuance of the action," at the time when it was first offered by the defendant, was correct. The offer was made before the trial had even begun, for the jury had not yet been sworn; but, without regard to this objection, it is plain that he had no right to interject it into the plaintiff's case. It was a matter of defense, and was duly offered and admitted at a later stage of the trial.

[3, 4] The judge was also right in refusing to direct a verdict for the defendant, and in refusing his subsequent motion for judgment non obstante veredicto. The evidence was conflicting and could not have been withheld from the jury. Moreover, the very existence of the release was attacked on the ground that its execution had been obtained by fraud, and the evidence on this subject was submitted to the jury, with instructions of which the defendant has no reason to complain. This was a legal, not an equitable, defense, and did not violate the rule that excludes evidence by parol to contradict or vary an admittedly genuine written instrument.

[5] The assignment to the charge as a whole on the ground that it was misleading and inadequate cannot be considered. Assuming the objection to be permissible in some cases under our rules and the federal practice, no such exception was taken during the trial. This was held in November, 1911, and the learned judge had no authority to make, and certainly could not give a retroactive effect to, the order that was signed on January 26, 1912.

[6] It remains to consider the objection that the court refused a new trial. This assignment is put solely upon the size of the verdict, which is said to be grossly excessive under the evidence in the case, even in a suit for the breach of a promise to marry. There may be reason for this contention, but the trial judge found no substantial ground for complaint in this particular, and the matter was peculiarly within his province. Journal Ass'n v. Rutherford, 2 C. C. A. 354, 51 Fed. 513, 16 L. R. A. 803; Northern Pacific R. R. Co. v. Charless, 2 C. C. A. 380, 51 Fed. 579, 580; Smith v. Sun Ass'n, 5 C. C. A. 91, 55 Fed. 248; Railroad v. Fraloff, 100 U. S. 31, 25 L. Ed. 531; Wabash Railway v. McDaniels, 107 U. S. 454, 2 Sup. Ct. 932, 27 L. Ed. 605; Cattle Co. v. Mann, 130 U. S. 72, 9 Sup. Ct. 458, 32 L. Ed. 854 et seq.; Wilson v. Everett, 139 U. S. 616, 11 Sup. Ct. 664, 35 L. Ed. 286; Erie R. R. v. Winter, 143 U. S. 60, 12 Sup. Ct. 356, 36 L. Ed. 71; Lincoln v. Power, 151 U. S. 436, 14 Sup. Ct. 387, 38 L. Ed. 224; Railroad v. Behymer, 189 U. S. 469, 23 Sup. Ct. 622, 47 L. Ed. 905. In Lincoln v. Power, supra, the court said:

"The plaintiff in error complains that the damages found by the jury were excessive, and appear to have been given under the influence of passion and prejudice.

"But it is not permitted for this court, sitting as a court of errors, in a case wherein damages have been fixed by the verdict of a jury, to take notice of an assignment of this character, where the complaint is only of the action of the jury.

"Thus it was said in Parsons v. Bedford, 3 Pet. 433, 447, 448 [7 L. Ed. 732], per Story, J., commenting on that clause of the seventh amendment which declares, 'no fact tried by a jury shall be otherwise re-examinable in any court of the United States than according to the rules of the common law,' that 'this is a prohibition of the courts of the United States to re-ex-

amine any facts tried by a jury in any other manner. The only modes known to the common law to re-examine such facts are the granting of a new trial by the court where the issue was tried, or to which the record was properly returnable, or the award of a venire facias de novo by an appellate court, for some error of law which intervened in the proceedings.'"

An exhaustive note on the power of an appellate court to interfere with a verdict for excessive damages is appended to Burdict v. Railroad, 123 Mo. 221, 27 S. W. 453, 26 L. R. A. 384, 45 Am. St. Rep. 528. The leading case in Pennsylvania is Smith v. Times Publishing Co., 178 Pa. 481, 36 Atl. 296, 35 L. R. A. 819, to which may be added Stauffer v. Reading, 208 Pa. 436, 57 Atl. 829, Quigley v. Railroad, 210 Pa. 166, 59 Atl. 958, and Turnpike Co. v. Cumberland County, 225 Pa. 468, 74 Atl. 340. The state practice is based on the act of 1891 (P. L. 101), and we cannot follow it in the face of the federal decisions.

Finding no error for which the judgment should be reversed, it is accordingly affirmed.