Eberhardt et al. *v.* Shaler Township, Appellant.

Argued April 16, 1937.

478

Before Keller, P. J., Cunning-
ham, Baldrige, Stadtfeld, Parker, James and
Rhodes, JJ.

*John M. Henry,* with him *William J. Connelly,* for
appellant.

*John E. Winner,* with him *Floyd V. Winner,* for
appellees.

Opinion by Keller, P. J., July 15, 1937:

The Township of Shaler, Allegheny County, a town-
ship of the first class, on May 29, 1931 adopted an
ordinance for the establishment of a sewer district and
the construction of a trunk line and lateral sanitary
sewers. Appellees own an irregular shaped tract of
land, containing about 7½ acres, which abuts on cer-
tain streets or highways in which sewers were laid
under the ordinance. Another sewer, eight inches in
diameter, is laid across their land from Alexander
Street to Glen Avenue Extension and the Butler Road,
and its construction necessitated the taking, for sewer
purposes, of a strip of land two feet wide for a distance
of 390 feet, dividing the tract into two sections, 6¼
acres south of the sewer and 1¼ acres north of it.

The ordinance provided for an assessment of the cost
on the several properties abutting on the sewers in
proportion to benefits.

Viewers were appointed on petition of the township to assess benefits, and damages for land taken. They assessed $91 against appellees' land as benefits from the construction of the sewer on Glen Avenue abutting on their property, referred to in the report as V-286, and $90 as benefits from the construction of the sewer across their land, as above mentioned, referred to in the report as V-491, and awarded no damages to appellees for the land taken in its construction.

Appeals were taken to the court of common pleas (1026 and 1027 July Term, 1934) and the two cases were tried together before the same jury. No appeal has been taken, by either party, from the judgment on the verdict in No. 1026 July Term 1934, representing the assessment of benefits against appellees' property abutting on Glen Avenue, from the construction of the sewer thereon, V-286. The township has appealed from the judgment entered on the verdict awarding damages in the sum of $1,891.25 for the taking of appellees' land, V-491.

Eight assignments of error have been filed. Under our rule No. 50 we will consider only those covered by the statement of questions involved.

1—The first question thus presented was the refusal of the defendant's second point: "The price to be paid for said easement and its incidents is compensation for the occupation and use of the land which it involves." This was a proceeding to determine the damages sustained by the plaintiffs by the taking of a strip of their land for sewer purposes under the right of eminent domain, over and above the benefits to the land, if any, from the construction of the sewer. The measure of damages in such cases is the difference between the market value of the property before the exercise of the right of eminent domain and as unaffected by it and its market value immediately after the exercise of the right of eminent domain and as

affected by it; and the court, in substance, so instructed the jury. This has been the rule since *Schuylkill Navigation Co. v. Thoburn,* 7 S. & R. 411. The question is not as to the value of the particular strip of land or easement taken under the eminent domain proceedings, but the effect of such taking on the value of the whole tract.

2—The second ground for complaint was the refusal of the trial court to permit the defendant to show the cost of construction of the sewer. The ordinance did not assess the cost of construction of the sewer against the abutting properties by the foot front rule. It assessed the abutting properties with the benefits resulting to them from the construction of the sewer. The total cost of the sewer was not material in the state of this record, the defendant's witnesses having testified fully as to the benefits accruing to plaintiffs' property from the construction of the sewer. The question at issue, in this respect, was, what figures,—those of the plaintiff's witnesses, the defendant's or an amount between them—, most accurately represented the benefits to the plaintiffs' land from the construction of the sewer. The verdict, on this point, was accepted without appeal.

3—There was ample evidence to support the verdict. The court below did not deem it excessive. We will not reverse on this ground unless the verdict is unconscionable, which, in this case, it is not.

4—The appellant complains of the following extract from the charge: "Members of the jury, you are the judges of the facts and you are also the judges of the credibility of the witnesses. In this case the question does not go so much to [their] credibility as it does to their qualifications. That is, you need to determine which of these witnesses is best qualified to express an opinion as to the benefits accruing to this property as a result of this sewer being there." The extract com-

plained of was taken from that portion of the charge which related to the appeal from the assessment of benefits, V-286, No. 1026 July Term, 1934. The words, "In this case," clearly referred to No. 1026, as distinguished from No. 1027, the present case. No appeal was taken from the judgment entered on the verdict in No. 1026. It is not before us in this appeal. Furthermore, no exception, beyond a general exception, was taken by the defendant to the charge; and the charge was, in the state of the record, correct. The question before the jury was not so much the *veracity* of the witnesses, as their *qualifications* to pass on the question of values. No one attacked their trustworthiness or truthtelling as witnesses; the differences were in their respective abilities to judge of values.

The judgment is affirmed.