Billard et al. *v.* Honesdale Borough, Appellant.

Argued March 7, 1939.

Before KELLER, P. J., CUNNINGHAM, BALD-RIGE, STADTFELD, PARKER and RHODES, JJ.

*Lester R. Male,* with him *Walter L. Harris,* for appellant.

*Leigh B. Maxwell,* for appellees, was not heard.

PER CURIAM, April 12, 1939:

This was an appeal by the plaintiffs from an award of viewers in connection with the relocation of State Highway Route No. 6 in the Borough of Honesdale. The only assignment of error is to the refusal of defendant's motion for a new trial on the ground that the verdict was "exorbitantly excessive and out of all proportion to the actual damage suffered."

As relocated the new highway took nearly all of the plaintiffs' lot not occupied by buildings, and the *rear* of the dwelling house now *fronts* on the highway. The trial jury viewed the property.

The testimony of the husband plaintiff was that the fair market value of the property immediately before the change of location of the road was $3000, and immediately after, $1000, or damage of $2000.

Defendant's witnesses placed the damage at from $400 to $600.

The verdict was for $1750.

The trial judge who saw and heard the witnesses and was familiar with the premises did not think the verdict excessive.

The appellate court, in such a case, will not interfere with the judgment of the lower court, unless it feels that the verdict was so excessive that the refusal of the court below to grant a new trial was a clear and manifest abuse of discretion, (*Harrisburg, Carlisle & Chambersburg Turnpike Road Co. v. Cumberland County*, 225 Pa. 467, 469, 74 A. 340; *Jordan v. Clearfield County*, 107 Pa. Superior Ct. 441, 449, 164 A. 98; *Brewer v. Blue Mt. Cons. Water Co.*, 126 Pa. Superior Ct. 553, 560, 191 A. 408), or was unconscionable and shocking to the appellate court's sense of justice, (*Baymond v. Sternberger*, 116 Pa. Superior Ct. 451, 176 A. 787; *Eberhardt v. Shaler Twp.*, 127 Pa. Superior Ct. 477, 480, 193 A. 364; *Brown v. Paxton*, 332 Pa. 260, 264, 2 A. 2d 729), which is not the case here.

Judgment affirmed.