# Vaughan v. Commonwealth, Appellant.

Argued March 13, 1962.   Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN and O'BRIEN, JJ.

*Raymond L. Brennan,* Assistant Attorney General, with him *Robert W. Cunliffe,* Assistant Attorney General, *John R. Rezzolla,* Chief Counsel, and *David Stahl,* Attorney General, for Commonwealth, appellant.

*Harvey R. Robinson,* with him *Alan D. Webb,* for appellee.

OPINION BY MR. JUSTICE COHEN, April 17, 1962:

Appellant, Commonwealth of Pennsylvania, appeals from the lower court's entry of a judgment for the appellee following the refusal of a request for a new trial after the jury verdict in an eminent domain proceeding.

The question raised by this appeal is: Did the trial court commit either a clear abuse of discretion or an error of law which controlled the outcome of the case in refusing the Commonwealth's motion for a new trial on the ground that the verdict returned by the jury was excessive, contrary to law and against the weight of the evidence?   (See *Bohner v. Eastern Express, Inc.,* 405 Pa. 463, 175 A. 2d 864 (1961)).

The Commonwealth condemned and took the land in question, a plot 1.46 of an acre, in order to expand

the roadway of a state highway which it abutted. The board of viewers made an award of $700 to the appellee who, thereupon, appealed to the lower court.

At trial, appellee produced three real estate appraisers as expert witnesses for the purpose of establishing the damages he sustained as a result of the taking. They testified that the property was uniquely adaptable to sundry commercial uses since no zoning restrictions existed. Each testified that the aftertaking value of the property was $100, and set out damages respectively at $89,900, $83,650, and $68,200. On the other hand, the Commonwealth's sole witness, the chief tax assessor of Beaver County, testified that the property was worth $625 prior to taking, and nothing after that event. Appellee had purchased the lot in question at a tax sale sixteen months earlier for $300. Other evidence indicated that the lot was totally unimproved, and little more than a "rock-pile." There is nothing on the record to reveal the reason for the enormous alleged appreciation in value of the property within the short period of time between the acquisition and the taking.

At trial, the jury returned a verdict of $25,000. The lower court entered judgment on the verdict after refusing appellant's motion for a new trial. This appeal followed.

An appellate court will not interfere with the judgment of the lower court in a condemnation case, unless it feels that the verdict was so excessive or inadequate that the refusal of the court below to grant a new trial was a clear and manifest abuse of discretion, or was unconscionable and shocking to the appellate court's sense of justice. *Billard v. Honesdale Borough,* 135 Pa. Superior Ct. 206, 5 A. 2d 452 (1939). See also *Turnpike Road Company v. Cumberland County,* 225 Pa. 467, 74 Atl. 340 (1909). This is such a case.

The jury verdict of $25,000 is nearly 36 times greater than the $700 award of the viewers. We have often

said that the disparity between the award of a board of view and the verdict of a jury is an important circumstance to be considered where a new trial is urged upon the ground that the verdict of the jury was either inadequate or excessive. *Schuster v. Pa. Turnpike Comm.*, 395 Pa. 441, 149 A. 2d 447 (1959); *Mazur v. Commonwealth*, 390 Pa. 148, 134 A. 2d 669 (1957). This is not the usual situation where the discrepancy between the two figures is twice as much or even six times as much.[1] Here, the difference is many times the normal discrepancy. Such disparity without explanation is unconscionable and reflects upon the efficacy of the judicial process.

We recognize the difficulty that attends the production of testimony as to value, and the tremendous diversity of opinion that might honestly and justifiably exist in the minds of appraisers and viewers. Here, however, the record is bare of any explanation that justifies the vast differences in amount among the $25,000 verdict, the viewer's award of $700, the acquisition cost of $300, the valuation of appraisers ranging from $650-$89,900 (a difference of over 13,800 percent) for 1.46 of an acre. This inexplicable diversity of opinion causes us to question the soundness of judgment of both the professional real estate appraisers who seemingly are unable to arrive at a reasonably valid value for the parcel, and the laymen comprising the board of view and jury.

To disabuse the appearance that an injustice has been done or an unfair advantage obtained, we shall grant a new trial.

Judgment reversed with a venire facias de novo.

---

[1] For example, see *Young v. Upper Yoder Township School District*, 383 Pa. 320, 118 A. 2d 440 (1955), where we affirmed the lower court's reduction of a jury verdict from $33,750 to $25,000 after the viewers had awarded $13,500.