136

Petrack *v.* Mlakar, Appellant.
Hanolt *v.* Mlakar, Appellant.

Argued March 15, 1966. Before MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Gary F. Sharlock,* with him *Mercer & Buckley,* for appellant.

*Thomas F. Weis,* with him *Weis & Weis,* for appellant.

*T. Robert Brennan,* with him *Irwin B. Wedner,* and *Brennan and Brennan,* for appellees.

Opinion by Mr. Justice O'Brien, April 19, 1966:

Dorothy Hanolt and Dorothy Petrack suffered personal injuries when an automobile being operated by Dorothy Hanolt's husband, Robert Hanolt, in which both women were passengers, was struck from the rear on Perrysville Avenue, in the City of Pittsburgh, at approximately 4:00 A.M. on Saturday, December 15, 1962. Mr. and Mrs. Hanolt brought an action of trespass for recovery of their damages against the operator of the other vehicle involved, George Mlakar, as did Dorothy Petrack, seeking the recovery of her damages. In the Petrack case, Robert Hanolt was joined as an additional defendant, and in the Hanolt case, the causes of action were severed, and Robert Hanolt joined as additional defendant in the action of his wife against Mlakar. At trial, Mlakar and a passenger, who was present in his vehicle at the time of the accident, testified that Robert Hanolt brought his vehicle to a sudden stop without warning, and that although he, Mlakar, swerved to his left in an attempt to avoid a collision, he nevertheless collided with the rear of the Hanolt automobile. The Mlakar testimony further indicated that Hanolt was operating his vehicle under the influence of intoxicating liquor, and the testimony as to his conduct immediately subsequent to the accident lends some measure of support to that conclusion. The testimony of the plaintiffs in the actions indicates that Robert Hanolt had, in fact, consumed some alcoholic beverage prior to the accident.

The jury returned three verdict slips which read as follows:

"Robert Hanolt, )
                                         No. 3273
    vs.                  )
                                         January Term, 1964
George Mlakar.           )

"And now, to wit, April 1, 1965, we, the Jurors empanelled in the above entitled case, find the defendant, George Mlakar not guilty."

"Dorothy Hanolt, )

No. 3273

vs. )

January Term, 1964,

George Mlakar and Robert)
Hanolt, additional
defendant. )

"And now, to wit, April 1, 1965, we, the Jurors empanelled in the above entitled case, find the defendant guilty."

"Dorothy Petrack, )

No. 2808

vs. )

April Term, 1963

George Mlakar and Robert)
Hanolt, additional
defendant. )

"And now, to wit, April 1, 1965, we, the Jurors empanelled in the above entitled case, find Robert Hanolt guilty of negligence."

The trial court, believing that the verdicts were inconsistent, attempted to rectify the situation and ascertain the true intention of the jury. The record discloses the following: *"The Court*: Would you let me have your attention, please, Members of the Jury, because I want the following statement for the record to be in the hearing of all twelve members of the jury.

"The following three cases were tried together: Robert Hanolt against George Mlakar, No. 3273 January Term, 1964. In this case the jury verdict initially read as follows: 'April 1, 1965. We, the jurors empaneled in the above entitled case, find the defendant, George Mlakar, not guilty.' After inquiring about the jury's intent, the slip was returned to the jury, who complet-

ed the slip to read as follows: 'We find the verdict in favor of defendant.' This was then announced in open court, and the jury responded that that was the verdict of the jury.

"In the case of Dorothy Hanolt against George Mlakar and Robert Hanolt, No. 3273 January Term, 1964, the jury slip as originally returned read: 'We, the jurors empaneled in the above-entitled case, find the defendant guilty.' After discussion with the jury and a statement by the court to the effect that it was not clear as to whether or not the plaintiff was entitled to a verdict against the other defendant, the slip was returned to the jury, and the jury then wrote out: 'We, the jurors empaneled in the above-entitled case, find a verdict in favor of both defendants,' and this likewise was read to the jury, who responded that that was their verdict.

"In the case of Dorothy Petrack against George Mlakar and Robert Hanolt, No. 2808 April Term, 1963, the verdict as originally announced read: 'We, the jurors empaneled in the above-entitled case, find Robert Hanolt guilty of negligence.' On further inquiry as to whether or not the jury intended to return a verdict in favor of Dorothy Petrack against either defendant, the slip was returned to the jury, who then wrote: 'We, the jurors empaneled in the above-entitled case, find a verdict in favor of both defendants.' This, too, was read to the jury, who responded that that was their verdict.

"Now, I think that I will poll the jury and ask the clerk to ask each member of the jury if—well, we'll skip that. That's done usually on request of the parties.

"Members of the jury, are those verdicts as I have read them to you your unanimous verdict?

(Jury indicates affirmatively.)"

Verdicts were finally recorded, consistent with the above quoted portion of the record in each of the cases. In the Robert Hanolt v. Mlakar case, the verdict was recorded in favor of the defendant, and in the Dorothy Hanolt v. Mlakar and Robert Hanolt, additional defendant, and Dorothy Petrack v. Mlakar and Robert Hanolt, additional defendant, cases, verdicts were recorded in favor of both defendants.

Each of the plaintiffs filed a motion for new trial and the court en banc granted the motions. These appeals followed.

The granting or refusal of a new trial will not be reversed on appeal absent a clear abuse of discretion or an error of law which controlled the outcome of the case. *Murphy v. Phila.,* 420 Pa. 490, 218 A. 2d 323 (1966), and cases cited therein. In the instant case, after an adequate charge by the trial court, the jury brought in unclear and inconsistent verdicts. The court en banc properly concluded that: ". . . the Court's efforts to clarify the findings were unsuccessful. The colloquy resulted in verdicts in favor of all defendants. To justify these we must assume that the Jury found that the two lady plaintiffs were guilty of contributory negligence, as the finding of negligence on the part of Robert Hanolt is very clear.

"We might assume, from slips 1 and 3 above, that it was intended to exonerate George Mlakar from liability, but these cannot be reconciled with No. 2 above wherein it is found that 'defendant' is 'guilty.' In that case Mlakar was defendant and Hanolt the additional defendant.

"There is also good reason to believe, on reading the original slips that the Jury found Robert Hanolt negligent; and that therefore he should be barred from recovery against Mlakar."

While there is evidence in the record from which we, were we acting as triers of the fact, might reach

the conclusion that Robert Hanolt was negligent, and, in addition, that Mrs. Hanolt and Mrs. Petrack were contributorily negligent by reason of their having allowed themselves to be transported in a vehicle being operated by a driver known to them to be under the influence of alcohol, such conclusions are not within our function. The record of the jury's verdicts and the trial court's attempt to mold them indicates clearly that the jury was confused. In any event, we are not prepared to hold that the court below abused its discretion in finding that the jury verdicts indicate a state of confusion, and we will therefore not interfere with its orders granting new trials.

Orders affirmed.

Mr. Justice Roberts dissents and would reverse grant of new trial.