Maher, Appellant, *v.* College Club of Pittsburgh.

Argued October 3, 1967. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*John A. Robb,* with him *Royston, Robb, Leonard, Edgecombe, Miller & Shorall,* for appellants.

*Sanford M. Chilcote,* with him *John H. Clough,* and *Dickie, McCamey & Chilcote,* for appellee.

OPINION BY MR. CHIEF JUSTICE BELL, November 15, 1967:

Plaintiffs sued (in trespass) the College Club of Pittsburgh for injuries sustained by wife-plaintiff on January 14, 1961, at approximately 2:30 P.M. o'clock. She testified that as she was leaving the Club she

slipped and fell on a recessed cocoa mat outside the door of the Club, that the mat moved out of its position, and there was a glaze of ice, or the appearance of ice, or ice on the undersurface of the mat and also in the nearby area. However, there was testimony that plaintiff told her nurse at the hospital to which she was taken that she "tripped and fell coming from the College Club," and told another hospital witness that she "thinks her heel caught on the floor mat."

The entrance to the building is recessed from a walkway which extends along the building and this walkway is adjacent to a curb of a driveway. It is undisputed (1) there are two steps from the walkway up to a platform; (2) this platform extends from the steps to a doorway which is one step above the platform; (3) in front of the doorway is a recessed area, which recess is approximately one inch deep and a cocoa mat is installed therein; (4) a canopy extends over the cocoa mat; and (5) there was some ice and snow on the driveway, but not on the walkway. Mrs. Maher's husband, who came to take care of her shortly after the accident, testified that he observed ice and dampness around the corners and on the bottom of the mat.

Plaintiffs called two registered architects as expert[*] witnesses. One of them testified that the more standard practice would be to install the cocoa mat in the interior of the building, rather than the exterior. The other expert stated that the location of the cocoa mat was not in conformance with accepted standard practice.

---

[*] Although it is unnecessary to decide whether expert testimony was admissible in this case, we shall assume, arguendo, that it was admissible. Cf. *Reardon v. Meehan*, 424 Pa. 460, 227 A. 2d 667, and cases cited therein; *Collins v. Zediker*, 421 Pa. 52, 218 A. 2d 776; *Steele v. Shepperd*, 411 Pa. 481, 192 A. 2d 397; *Weisman v. Sauder Chevrolet Co.*, 402 Pa. 272, 167 A. 2d 308; *Burton v. Horn & Hardart*, 371 Pa. 60, 88 A. 2d 873. Henry, Pennsylvania Evidence, §560 (4th Ed. 1953).

When Mrs. Maher fell she called to her Club friends, two of whom were standing inside the Club foyer. Both testified that they came quickly in response to her call, and that the mat was in place and did not move when they walked over it. Thirteen witnesses who left the Club just before or just after wife-plaintiff fell, likewise testified that the mat was in position and did not slip when they walked over it. There was also expert testimony on behalf of defendant that the mat was constructed properly and in a proper place and would not slip on ice or water.

Because of the conflicting evidence, this was a typical case for a jury, who saw and heard the witnesses. The jury found a verdict for defendant; the Court below denied plaintiffs' motion for a new trial; and from the Judgment entered on the verdict, plaintiffs took this appeal.

The test before this Court is well settled: Where a new trial is granted or refused, an Appellate Court will reverse only when there is a clear abuse of discretion or an error of law which controlled the outcome of the case. *Zeman v. Canonsburg Boro.,* 423 Pa. 450, 223 A. 2d 728; *Amon v. Shemaka,* 419 Pa. 314, 214 A. 2d 238; *Trimble v. Merloe,* 413 Pa. 408, 197 A. 2d 457; *DeMichiei v. Holfelder,* 410 Pa. 483, 189 A. 2d 882.

It is unnecessary to further detail or discuss plaintiffs' contentions, or the evidence in the case; it will suffice to say that we have reviewed the record and find no abuse of discretion or error of law which controlled the outcome of the case.

Judgment affirmed.

Mr. Justice MUSMANNO took no part in the consideration or decision of this case.