Beyrand *v.* Kelly et al., Appellants.

Argued March 17, 1969. Before BELL, C. J., JONES, COHEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*David L. Robinson,* with him *Robinson, Fisher & Long,* for appellants.

*Robert M. Stefanon* and *James R. Kelley,* for appellees.

OPINION BY MR. JUSTICE ROBERTS, May 9, 1969:

Appellant Mayers Developers' truck, while driven by appellant Kelly, collided with a car operated by appellee Franklin Beyrand, in which appellee Theresa Beyrand was riding. Franklin and Theresa subsequently filed suit against Kelly and Mayers, Franklin for personal injuries and Theresa for property damage. Appellants then joined Franklin as an additional defendant in the suit by Theresa, and Mayers counterclaimed against Franklin for property damage. The

jury reached a verdict in favor of Theresa against all defendants, and decided that none of the defendants were entitled to any recovery. The court below then granted the new trial motion of Franklin and Theresa, and appellants took this appeal.

The court below believed that a new trial was necessary because "the dialogue between the jurors and the Trial Judge. . . . manifested such confusion by the jury of the basic issues so as to require the grant of a new trial in the interests of justice." The court gave no more specific reasons, merely referring to that part of the record which contained questions which the jury presented to the trial judge after the jury had initially retired to deliberate.

Although there is some indication in the record that the jury was not altogether clear as to what verdicts to reach after it had made its basic findings of negligence, the ultimate verdict reached here is not only consistent with, but is compelled by, the special findings made by the jury. The jury, in answer to specific questions, found that Kelly and Franklin Beyrand were both negligent and contributing causes of the accident, and further found that they were jointly negligent and that their joint negligence caused the accident. Under these findings, no verdict could be proper other than one in which all defendants would be liable to Theresa Beyrand, with no recovery by the defendants inter se.

The jury, after some preliminary questioning as to how to deal with the verdict slips, voted unanimously that appellants Kelly and Mayers should pay for the property damage of Theresa Beyrand, with ten of the twelve jurors believing that Franklin Beyrand should also be liable. After retiring for further consideration, the jury decided that Franklin Beyrand was also liable. The jurors' responses to the court's questions dur-

ing a jury poll of the 10-2 verdict indicate that the jury basically understood the situation. The foreman, for example, stated that "since we found them both at fault, we felt they should share the expense equally," which in layman's terms is an accurate explanation for the verdict that was ultimately reached. Perhaps the jury was not aware that its verdict had to be unanimous, but this was then made clear to them by the court.

In any event, this record gives absolutely no indication that there was any confusion at all in the minds of the jury as to what constituted negligence. Since the specific findings of the jury as to negligence compel the eventual verdict, any confusion which the jury may have had about how the verdict should be molded once findings of fault were made is clearly irrelevant.

Of course we are aware that the granting of a motion for a new trial is in the discretion of the trial judge. See, e.g., *Hornak v. Pittsburgh Railways Co.,* 433 Pa. 169, 249 A. 2d 312 (1969) ; *Maher v. College Club of Pittsburgh,* 427 Pa. 621, 235 A. 2d 134 (1967). Here however, where special findings by the jury require the verdict reached, and where there is no question as to the jury's competency to make these special findings, we believe that the granting of a new trial by the court below based on some vague notion of general jury confusion was an abuse of discretion. We have recently indicated that where there is a question of whether jury findings are consistent or inconsistent, consistency will be presumed unless there is no reasonable theory to support the jury's verdict. *Hornak v. Pittsburgh Railways Co.,* supra; compare *Petrack v. Mlaker, Hanolt & Mlaker,* 421 Pa. 136, 218 A. 2d 750 (1966). Here, where there is no question that the jury's findings and verdict were anything but wholly

inconsistent, the granting of a new trial was clearly improper.

Appellees also claim that a new trial was required because of the admission of hearsay evidence. Appellants called the state trooper who investigated the accident, and in the course of his testimony, the officer testified over objection that Kelly had stated that he had been on his own side of the highway when he was hit by the Beyrand car. The court allowed the testimony to be admitted as evidence of *what* had been said. The trooper went on to testify that he later took a statement from Franklin Beyrand, who said that *he* was on *his* own side of the road and was hit by appellees' truck. Thus whether this evidence was properly admitted or not, it merely consisted of self-serving statements of both drivers, and was thus prejudicial to neither.

The order of the Court of Common Pleas of Westmoreland County is reversed with instructions to enter judgment on the jury verdict.

Mr. Justice EAGEN took no part in the consideration or decision of this case.

---

DISSENTING OPINION BY MR. JUSTICE COHEN:

In *Engemann v. Colonial Trust Company*, 378 Pa. 92, 99, 105 A. 2d 347 (1954), Justice BELL aptly said "[t]he general rule is that verbal or written statements or declarations which are self-serving and are made in the absence of the other party to the transaction are inadmissible under the Hearsay Evidence Rule: . . ." This was repeated in *Commonwealth v. Coopersmith Bros.*, 423 Pa. 608, 225 A. 2d 246 (1967).

There is no reason or authority for the admission of such patent hearsay testimony.

I dissent.