**Glass and Dent v. Schreckengost**

*Richard W. Spivak*, for plaintiffs.
*C. Dean Francis*, for defendants.

DOTY, Adm. J. and McGLYNN, J., July 9, 1971.—This matter is presently before the court for consideration of motions filed by plaintiffs, Irene Glass, David G. Dent and Sweetie Dent, for a new trial and motion for judgment n.o.v. by defendant Harry

R. Schreckengost. After a careful consideration of the entire record and the applicable law, we are convinced that plaintiffs' motions for a new trial must be granted and defendant's motion for a new trial must be granted. We are also convinced that defendant's motion for judgment n.o.v. must be denied, as must the motion for a new trial on the issue of damages only.

This case arose out of an automobile collision which occurred August 6, 1965, at the intersection of Twenty-second and Lippincott Streets, Philadelphia. Plaintiff, David G. Dent, was operating an automobile in which plaintiffs, Irene Glass, Sweetie Dent and Elnora Terrell, were passengers. Defendant, Harry R. Schreckengost, had four passengers in his car at the time of the collision. There is no need to recite the details of the collision. Suffice to say that suit was instituted by David G. Dent, Sweetie Dent and Irene Glass against Harry R. Schreckengost. In that suit, defendant filed a counterclaim alleging bodily injury as well as property damage and joined David G. Dent as an additional defendant.

A separate suit was instituted by Elnora Terrell against Harry R. Schreckengost alleging bodily injuries. The two suits were consolidated for trial and the matter was tried by the Hon. Felix Piekarski and a jury in November 1969. The jury returned a verdict in favor of plaintiff, Irene Glass, against additional defendant, David G. Dent, in the sum of $25,000. On all other claims, the jury found in favor of defendants and against plaintiffs.

In answer to a specific inquiry, the jury responded that David G. Dent was alone negligent in causing the accident. However, when the verdicts are analyzed, it is clear that they were inconsistent and exhibited such confusion on the part of the jury that

the verdicts cannot be permitted to stand. See Petrack v. Mlakar, 421 Pa. 136 (1966). As stated hereinabove, the jury rendered a verdict in favor of Irene Glass against David G. Dent, alone. Therefore, they must have concluded that Dent and not Schreckengost was negligent. This finding would also explain the jury's verdict in favor of Schreckengost on the claim of David Dent. However, the jury found that Sweetie Dent should not recover. Since she was a passenger and one driver had been found negligent, it is difficult to understand this verdict. In addition, the jury found that Schreckengost should not recover from David Dent. However, David Dent alone was negligent as the jury indicated in answer to a specific interrogatory. Therefore, this verdict is in error, for Schreckengost would be entitled to recover against David G. Dent.

Finally, the jury found that Elnora Terrell could not recover against Schreckengost. This verdict would indicate that the jury concluded that Schreckengost was not negligent. However, if he was not negligent, why could he not recover in his action against David G. Dent, who had been found to be negligent?

In short, it is clear that with the two lawsuits and the numerous parties involved, the jury became confused in its deliberations and rendered verdicts which were inherently inconsistent and such verdicts cannot stand. Therefore, in the interest of justice, the entire case will have to be retried. Motions for a new trial on behalf of plaintiffs, Irene Glass, David G. Dent and Sweetie Dent are granted; the motion for a new trial of Harry R. Schreckengost is granted; and motion for judgment n.o.v. of Harry R. Schreckengost is denied.