Tinicum Real Estate Holding Corporation *v.* Commonwealth of Pennsylvania, Department of Transportation.
Commonwealth of Pennsylvania, Department of Transportation, Appellant.

Argued April 5, 1976, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

48

*George Luskus,* Special Assistant Attorney General, with him *Louis J. Presenza,* Special Assistant Attorney General, *Robert W. Cunliffe,* Deputy Attorney General, and *Robert P. Kane,* Attorney General, for appellant.

*Frank L. Tamulonis, Jr.,* with him *Edward Kassab,* and *Kassab, Cherry & Archbold,* for appellee.

OPINION BY JUDGE MENCER, June 3, 1976:

The Commonwealth of Pennsylvania has appealed from an order of the Court of Common Pleas of Delaware County granting a new trial in an eminent domain case. A motion for a new trial is addressed to the discretion of the trial court based on the circumstances of the particular case, and the court's action in granting or refusing such a motion will not be reversed in the absence of a manifest abuse of discretion or a clear error of law. *Beyrand v. Kelly,* 434 Pa. 326, 253 A.2d 269 (1969). The trial court's discretion in this regard is not absolute but is subject to appellate review. *Burrell v. Philadelphia Electric Company,* 438 Pa. 286, 265 A.2d 516 (1970).

We have carefully read and studied the record in this case. Although we might have decided otherwise, we cannot conclude that the trial court in this case manifestly abused its discretion by granting a new trial. Further, we do not perceive how we could better discuss and explain the justification for the trial court's ruling than to set forth the excellent opinion of President Judge CATANIA:

"In this action in eminent domain, the plaintiff condemnee has appealed from a jury award of condemnation damages in the sum of $384,300.00 alleging (1) the verdict was inadequate and (2) the verdict was against the weight of the evidence.

"The Tinicum Real Estate Holding Corporation is the owner of property situated in Tinicum Township, Delaware County, Pennsylvania, bordered on the East by Long Hook Creek, on the West by Darby Creek and occupying property on the North and South side of the Industrial Highway. Prior to May 20, 1968, the size of the area owned by plaintiff totaled 276.85 acres. On the above-mentioned date, the Commonwealth filed a declaration of taking condemning 19.01 acres for the right-of-way for the proposed Interstate 95 Highway, and 4.62 acres for the slope of said highway.

"The area actually taken by the Commonwealth reduced plaintiff's total acreage to 252.22 acres, in addition to severing the property by denying plaintiff access to 40.42 acres.

"A Board of View, duly appointed, awarded the owner $1,144,000.00 in damages, comprised of $244,000.00 as severance damage and $900,000.00 in general damages.

"From this award, an appeal was taken by both parties to the Court of Common Pleas of Delaware County and the above-mentioned jury award was the result. At the time of the trial it was stipulated be-

tween the parties that the highest and best use of the Tinicum property was commercial-industrial. It was conceded by the witnesses for both the condemnee and the condemnor that the Tinicum property had not yet received the required amount of fill for its ultimate development. The zoning classification for permissible uses of the Tinicum property as of May 20, 1968, indicated that the area was zoned for limited commercial-industrial purposes. Since May, 1970, the entire holdings of the Tinicum area, exclusive of a parcel · containing 4.49 acres, were zoned for special use.

"The essential question involved in this appeal is whether the jury verdict was so inadequate as to shock this Court's sense of justice and compel the granting of a new trial? Vaughan v. Commonwealth of Pennsylvania, 407 Pa. 189 (1962). The standard for granting a new trial has been set forth in Austin v. Ridge, 435 Pa. 1 (1969), wherein Mr. Justice POMEROY stated on behalf of the Supreme Court, at page 5: 'Established doctrine in Pennsylvania dictates that a trial judge abuses his discretion when he grants a new trial merely because he would have arrived at a different conclusion on the facts of the case than that reached by the jury. Hummel v. Womeldorf, 426 Pa. 460, 464, 233 A.2d 215 (1967). Where, however, the trial court is convinced that the verdict is against the clear weight of the evidence or that the judicial process has effected a serious injustice, he is under a duty to grant a new trial. Pritchard v. Malatesta, 421 Pa. 11, 13 (1966).'

"As the Court went on to say, this rule can be simply stated but its application requires a continuing exercise of judicial sensitivity.

"A review of the entire record of this case convinces the Court that a new trial must be granted.

"There was in this case, as in all condemnation cases, widely divergent opinions by the experts as to

value. However, the divergent opinions of the experts taken together with the wide disparity in the Board of View Award of $1,144,000.00 as opposed to the jury award of $384,300.00 indicates that the jury verdict was inadequate.

"As mentioned above, it was stipulated between the parties that the highest and best use of the Tinicum property was commercial-industrial; also that the property in question required large amounts of fill to make it usable and that the filling was in process of being done. The expert for the plaintiff, John Bloodwell, testified that the fair market value of the land, prior to the taking and unaffected thereby was $6,311,000.00 and its value subsequent to the taking and affected thereby was $4,747,000.00 resulting in damages in the amount of $1,564,000.00. The Commonwealth's expert, Richard deGrouchy, testified that the value of the condemnee's land before the taking was $3,166,000.00 and that its value after the taking was $2,957,000.00, resulting in damages in the amount of $209,000.00. The mere fact of a disparity of opinion as to the evaluation does not in itself justify a new trial. Springer v. Allegheny County, 401 Pa. 557 (1960). The disparity of opinion taken together with the Board of View Award does indicate in the opinion of this Court, the inadequacy of the verdict.

"The property involved in this case with proper fill and support would have been suitable for development of industrial and commercial complexes. The property had considerable frontage on the Industrial Highway and Island Avenue which would be essential for a commercial development. Public utilities such as electricity, water and sewerage were already serving the adjacent property and were readily available for use on a development in the Tinicum properties. Also, the Tinicum properties' access to transportation was a major positive factor which enhanced its poten-

tial for development for industrial purposes. The property was situated on a main highway artery of the Delaware Valley, specifically the Industrial Highway, adjacent to an airport, a river and a railroad providing an opportunity for air, water and rail transportation.

"The jury's award in this case of $384,300.00 bore no relationship to the testimony presented by the Commonwealth's expert which showed a loss of $209,000.00 or to the testimony of the condemnee's expert which showed damages in the sum of $1,564,000.00. Furthermore, while the amount as found by the Board of View was not binding in any sense upon the Court, nor is it relevant testimony in the trial of the case upon an appeal from the action of the Board of View, yet it is a fair indication of the amount of damages suffered by the landowners and on a motion for a new trial should be considered where the new trial is urged upon the grounds that the verdict of the jury was inadequate as in this case. Mazur v. Commonwealth, 390 Pa. 148 (1957). As we have already mentioned, the Board of View found that the damages suffered by the condemnee amounted to $1,144,000.00, comprised of $244,000.00 as severance damage and $900,-000.00 in general damages. This award bore no relation to the verdict reached by the jury which was over $700,000.00 less than the Board of View decision.

"The Commonwealth in opposing the condemnees' motion for a new trial on the basis of the inadequate verdict has cited the case of Stoner v. Metropolitan Edison Company, 439 Pa. 333 (1970), wherein the appellant condemnor argued that the disparity between the viewers' award and the jury verdict was excessive and a new trial should be granted. The Court stated at page 337: 'Undue attention on appeal to the magnitude of the viewers' award would effectively deprive the dissatisfied condemnee of his statutory right to a

jury determination of damages. . . . Rather than resting upon a comparison between the viewers' award and the jury verdict, our decision as to whether a new trial is called for requires a review of the testimony presented at trial to determine whether the jury verdict was excessive.'

"The Commonwealth has also called our attention to the case of The Faith United Presbyterian Church v. Redevelopment Authority, 7 Pa. Commonwealth Ct. 490 (1972). The Court in that case made note of the fact that a large difference between a Board of Viewers' award and a jury verdict is a factor to consider when a new trial is requested. This is not a controlling factor, however, absent other evidence that the verdict is excessive. The Commonwealth Court determined that there was no other such evidence that the verdict was excessive beyond the Board of Viewers' Award and, therefore, rejected the motion for a new trial.

"In this case the Court feels that there are other reasons beyond the Board of Viewers' decision which led to the conclusion that the verdict was inadequate. The disparity of the various experts' conclusions regarding value has been mentioned above. Also, the fact that the jury's award bore no relation to the testimony presented by the respective experts and, finally, the fact that the evidence produced by the condemnee certainly shows that the property in question was a valuable and large parcel which could be developed in an industrial-commercial manner.

"A review of all the testimony presented at the time of trial with the resulting jury verdict indicates clearly that the jury was confused by the wide disparity of opinions by the experts and lost sight of the vast potential of the land in question. This led to the shockingly inadequate verdict.

"In Mazur, supra, the Board of View awarded plaintiff $10,000.00 for the Commonwealth's appropriation of a portion of their land for highway purposes. After trial, the jury returned a verdict for the plaintiff in the amount of $4,053.00. The trial court granted a new trial on the ground that the verdict was inadequate. There was also in the Mazur case a wide disparity between the opinion evidence adduced on the issue of damages. The plaintiff's witnesses testified to damages in the amount of $15,000.00 and $11,750.00 respectively. The Commonwealth's expert testified that the damage to plaintiff's property did not exceed $2,500.00. The granting of a new trial in Mazur was ruled justified on appeal to the Supreme Court on two grounds, (1) There was a wide disparity in the damages fixed by the various witnesses and the jury's verdict bore no assignable relation to any of the testimony and (2) The award of the Board of View of $10,000.00 was significantly in excess of the jury's verdict of $4,053.00. We believe that the factors presented in the Mazur case are present in this case. The disparity of damages and the lack of relation of the jury verdict to the testimony together with the $717,-000.00 difference between the Board of View Award and the jury's verdict indicate a new trial should be granted on the basis of an inadequate verdict. In the case of Sisters of the Blessed Sacrament for Indians and Colored People v. Philadelphia, 413 Pa. 348 (1964), the Board of View awarded the plaintiffs $23,-094.00 and the jury at the common pleas trial awarded zero. The Supreme Court after pointing out that the Board of View is composed of impartial professional men stated: 'This shocking disparity as to value is something which cannot be slightly regarded. While it is true that a jury may not be told of the results reached by a Board of View, an Appellate Court is not

restricted in its consideration of the record to see that justice is done in accordance with law.'

"As a result of all the factors as set forth above, the Court feels that justice will be served by granting the new trial and does not feel that it is necessary to discuss at length the condemnee's further contention that the verdict was against the weight of the evidence. The Court would point out, however, that when these issues have been presented in other cases, a distinction has been drawn between the contention that a verdict was inadequate and that a verdict was against the weight of the evidence. In Springer v. Allegheny County, 401 Pa. 557 (1960), the Court rejected the contention that the verdict was against the weight of the credible evidence, but went on to state as follows: 'If what the Court meant by its reference to the credible evidence was that the jury should have given greater effect to evidence adduced by the plaintiff and returned a larger verdict, it is to be noted that the verdict was not so disproportionate to what the Board of View had awarded the plaintiff as to justify the trial court in concluding that it was inadequate.'

"The testimony presented by the experts for the respective parties is not held by this Court to have lacked credibility because this issue was to be determined by the jury. However, the disparity in the opinions together with the result of the jury, which bore no relationship to the testimony of either of the expert witnesses, together with the Board of View decision indicates that the verdict was inadequate."

Order affirmed.

Judge KRAMER did not participate in the decision in this case.